SWEETWATER COTTON OIL CO. et al. v. BIRGE–FORBES & CO.

(Court of Civil Appeals of Texas. Dallas. Nov. 15, 1913. Rehearing Denied Dec. 6, 1913.)

1. DEPOSITS IN COURT (§ 11*)—REVIEW—INVITED ERROR.

Where, in a suit to foreclose a mechanics' lien in which a receiver was appointed, a bank holding bonds secured by a deed of trust on the property, and which purchased the property at the trustee's sale, intervened, alleging that there were no claims against the property except that of plaintiff and certain receivership costs, and offered to deposit such sum as the court might deem just and proper to be held subject to such orders and final judgment or decree as to the disposition thereof as might be thereafter made, whereupon it was permitted to make such deposit, and the court thereupon ordered its receiver to deliver possession of the property to the bank's vendee, the bank could not complain of the payment of plaintiff's claim out of such deposit; there being no condition that it be applied to any debt except such receivership costs.

[Ed. Note.—For other cases, see Deposits in Court, Cent. Dig. § 12; Dec. Dig. § 11.*]

2. LANDLORD AND TENANT (§ 152*)—IMPROVEMENT BY TENANT—CONSTRUCTION OF LEASE.

Where a lease on an oil and cotton gin plant authorized the lessee to advance money to put the plant in running order and condition and bound the lessors to repay the amount so advanced and contained an option to renew, which the lessee exercised, the lessor was liable for money expended by the lessee in making necessary repairs to put the plant in running condition for the renewal term.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 152, 538–543, 545–549, 551–557; Dec. Dig. § 152.*]

3. APPEAL AND ERROR (§ 724*)—ASSIGNMENT OF ERROR—NONCOMPLIANCE WITH RULES.

Where assignments of error did not distinctly specify the ground of error relied on nor point out that part of the proceeding contained in the record in which the error was complained of in a particular manner with such reasonable certainty as was practicable in a succinct and clear statement, as required by the rules, they might be treated as waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. § 724.*]

4. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action to foreclose a mechanics' lien, where the petition contained an itemized account verified as required by statute, which was admitted in evidence without objection, and plaintiff's claim was fully proved by other evidence, the admission of plaintiff's books was harmless, although they were not properly proved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

Appeal from District Court, Grayson County; W. M. Peck, Judge.

Action by Birge-Forbes & Co. against the Sweetwater Cotton Oil Company and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Elijah Robinson, of Kansas City, Mo., and Freeman & Batsell, of Sherman, for appellants. J. F. Holt and Head, Smith, Hare, Maxey & Head, all of Sherman, for appellee.

RAINEY, C. J. Appellees sued the Sweetwater Cotton Oil Company to recover the sum of $5,056.21 and to foreclose a lien. Plaintiffs alleged: That they leased the oil and cotton gin plant of appellants, including machinery, fixtures, etc. That said plant needed repairs, which plaintiffs agreed to make, and for which appellants agreed to pay. That said lease was to continue for the term of ten months and provided that at the end of said term for a renewal at the option of plaintiffs, and the same was renewed. That plaintiffs made necessary repairs by putting in new machinery, etc., and took the necessary steps to fix and secure a mechanic's, contractor's, and materialman's lien, and after the renewal they made additional necessary improvements, etc. They further alleged that said oil company was largely indebted and insolvent and had ceased operating its plant, and a receiver was appointed to take charge thereof and who duly qualified August 21, 1910. On April 10, 1911, appellant National Bank of Commerce, of Kansas City, Mo., with leave of the trial court, filed a plea of intervention alleging in substance that on November 1, 1904, said oil company had executed and delivered to the St. Louis

Union Trust Company, of St. Louis, Mo., a corporation, as trustee its deed of trust by the terms of which said bank acquired a lien upon the property and assets of the oil company to secure to said bank the payment of 50 bonds for the sum of $1,000 each, bearing interest, and that the same had been duly recorded. That said oil company had made default, and upon the request of said bank the said trustee had advertised the property for sale according to the terms thereof, and during said time the said trustee applied to the United States Circuit Court, Northern district of Texas, for the appointment of a receiver, which was granted August 12, 1910, and the receiver shortly thereafter qualified and took possession of said property and on December 6, 1910, in pursuance of said deed of trust and the law of Texas, sold said property at public auction for cash to F. D. Whiting for the use and benefit of appellant bank, and said Whiting, acting for appellant bank, sold said property to James Newman, who purchased in good faith. That said bank would be subjected to great loss, etc., if said Dorsett retained possession of the property as receiver, and that said bank was to execute bond and make deposit to prevent loss or damage, and asked that said receiver be discharged and the property turned over to said Newman upon said bank making the deposit, and that said deposit be held subject to such orders, final judgment, and decrees as might be made in the case, and for all special and general relief.

On April 11, 1911, upon hearing the plea of intervention, it was ordered that the bank deposit with the clerk of the court $8,000; that the costs of the receivership in the case of the St. Louis Union Trust Company against the oil company be allowed to the receiver, Thomas Trammell, and attorney's fees amounting to about $700 and the cost of the receivership in this court hereinafter to be ascertained shall be paid out of said deposit; and that the balance of said deposit be held subject to the orders to be made in the case, provided no part shall be used to pay any claim hereinafter filed in this cause; and it was further ordered that the property be turned over to Newman by the receiver, Moore C. Dorsett, and that he make final report to the court.

On April 14, 1911, Dorsett, as receiver, filed report in which he reported that he had delivered said property to Newman. On the date last aforesaid appellees filed their amended original petition, upon which they went to trial, setting out virtually the same items as in the original petition, charging a conversion of said property by said bank, and that it was entitled to collect out of the fund in court the full amount of its debt.

The bank answered, alleging the indebtedness to it by the oil company of $50,000, its lien by trust deed, the purchase by Whiting, the conveyance to Newman, and confirmation of the sale and delivery of said property to Newman by judgment of the court of date April 11, 1911, and the superiority of its lien over appellees' claim.

The oil company answered by general demurrer and general denial and controverting by affidavit the verified account of appellees attached to their third amended original petition. On the 2d of December, 1912, appellees filed in the trial court their first supplemental petition in which, among other things, they charged the appellant bank with systematic attempt to conceal the property of appellant cotton oil company and appropriated it to the bank's use, with fraudulently having a receiver appointed by the federal court and causing a federal receiver to be placed in charge of the property of appellant cotton oil company, and in defiance of the receivership of the court below causing the property in question to be sold and the bank under its alleged deed of trust and afterwards selling to Newman, which they alleged was done to defraud appellees. Appellant bank on the same day filed its first supplemental answer, including general demurrer, general denial, and special answer denying in substance the conversion of any part of the property in question or any attempt to defraud the appellees, that the sale of the property by the trustee was legally made; that the receivership in the federal court was only in aid of said sale, was authorized by the said deed of trust, and was only for the purpose of preserving the property until it could be sold. It further alleged in said supplemental answer that the sale of the property made by said trustee to satisfy appellant bank's indebtedness was expressly ratified and confirmed by said court after the property in question had been sold and was in the possession of the receiver of this court, and that the action of this court in so ratifying and confirming said sale finally determined the rights of the parties and prayed that it be discharged with its costs. The cause was tried before a jury upon special issues submitted by the court at the request of appellees. Upon said special issues the jury made a finding of facts in which the jury found for the appellees in the sum of $5,153.79. Upon motion of appellees the court rendered judgment against appellant Sweetwater Cotton Oil Company for the amount of the verdict and directed that the same be paid out of the fund deposited in court by appellant national bank. Prior to the rendition of said judgment, appellant bank filed its motion for judgment on the facts found by the jury directing the money deposit in court to be paid to it and that it recover its cost. From the judgment of the court, the bank has appealed.

The appellant bank complains of the action of the court in not directing the jury to return a verdict for it and submits the following proposition: "The trial court having jurisdiction of the property and the parties, and the court having jurisdiction to cause the

sale of all the property through its receiver, and the sale of the property having been made and duly reported to the court and pleaded, and the matter of the confirmation of the sale as reported having been considered and acted upon by the court, and the court having by judgment, as prayed for in the pleading reporting the sale, ordered the delivery of the property, then in the possession of its receiver, to Newman, the vendee of appellant bank, by reason of the sale so made and reported, and the said property having been delivered by the court's receiver to said Newman in obedience to said judgment, the sale of said property for the price reported, to wit, $50,000, was · necessarily confirmed by the court; and, by permitting appellant bank to retain all of said purchase price except $8,000, the court acted upon and recognized said sale and confirmation, and the $8,000 deposited in court was retained as the balance of the proceeds of the property to be distributed by future orders and judgments of the court according to the rights of the parties; and, the lien of appellant bank being superior to the demand of the appellees, the court should have ordered the balance remaining after the payment of costs paid to said bank; its failure so to do upon proper timely motion constitutes error for which the cause must be reversed and rendered or remanded."

[1] The bank, among other things, in its petition of intervention, pleaded as follows: "That the amount claimed, and for which plaintiffs in the above-entitled suit ask judgment against said defendant the Sweetwater Cotton 'Oil Company, and for which they seek to establish a lien on the above-mentioned property, is only the sum of $5,056.86; that there is no other claim against said Sweetwater Cotton Oil Company or charge against the property therein mentioned except the costs of the receivership in the Circuit Court of the United States for the Northern district of Texas and the costs of receivership in this court up to the present time; that your intervener is willing and hereby offers to deposit in this court such sum as the court may deem just and proper in the premises. Said sum to be held subject to such orders and final judgment or decree as to the disposition thereof as may hereafter be made in the case."

The court complied with the bank's request upon condition that it would make a deposit in the registry of the court of $8,000. The deposit was made, and in lieu thereof the court released to the bank the property which was of the value of $70,000. It appears from the record, we think, that the value of the property was enough to pay both claims; there being none other, except costs. The appellees had a lien on the property, and the court may have taken the view that the property was sufficient; and, as the bank had taken possession of the property on an order of the court granted on its solicitation, it is not in a position to complain of the payment of appellees' claim out of said deposit. There was no condition that said deposit be applied to any debt except the costs of receivership, and the "balance to be held subject to such orders, final judgments, and decrees to be made in the case." It was provided, however, "that no part thereof shall be used for the purpose of paying any claim" thereafter filed in said cause. This latter clause can in no sense apply to appellees' claim, as it was already being litigated in the case.

We take it that, appellees having established a contractor's lien on the property to the extent of machinery furnished and repairs made, the court may have concluded to lessen expense by closing the litigation and said in effect, in the language of appellees' attorney, "As there are no other creditors, if you will make a deposit sufficient to pay 'plaintiffs' claim and the costs, I will discharge the' receiver." However this may be, we are of the opinion that under the evidence the judgment in the particular complained of was correct.

[2] Complaint is made that repairs and improvements made by appellees for the second term of the lease are not chargeable to the oil company; therefore the court erred in permitting proof to establish such charges. The terms of the contract of lease entered into between the oil company and 'appellees were that it should be for a period of ten months; that appellees should take immediate possession and advance money deemed by them necessary to put said plant in running order and condition and for insurance; that the money so advanced was to be considered a loan to the oil company, which the oil company promised to pay with 8 per cent. interest, and said last contract further provided: "Second parties are hereby given an option to renew this lease for twelve (12) months on same terms, provided first party is notified in writing of their election to exercise this option before the expiration of this contract." Appellees elected to renew the lease and did operate the plant for the second term as stipulated in said contract. Under the terms of the contract, the oil company became liable to appellees for all moneys expended by them in putting in necessary repairs to put the plant in running condition, which is not controverted. Appellees having renewed the lease for the second term, they had the right to make the necessary repairs to put it in running condition for the second term, and the oil company became liable for all moneys so expended.

[3, 4] The assignments of error Nos. 2 and 3 do not conform to rules 24 and 25, and we are justified in treating them as waived. They do not distinctly specify the ground of error relied on. Nor do they "point out that part of the proceeding contained in the record, in which the error is complained of in a particular manner," "with such reasonable certainty as may be practicable in a succinct and clear statement." However, we will say

that the error, if any, is not excluding appellees' books from being introduced as evidence on the ground that they had not been properly proven up was harmless.

Appellees' petition contained an itemized account fully verified as required by statute. Said account showed every item sued for and was introduced in evidence without objection. The testimony of W. W. Birge and other evidence fully established appellees' claim, and no injury resulted to appellant by the introduction of said books. We have considered all of the other assignments of error presented but find no reversible error. The evidence fully supports the verdict of the jury, and the judgment is affirmed.

Affirmed.