## STEWART et al. v. BYRNE.
### No. 1313—5818.

Commission of Appeals of Texas, Section B.
Oct. 14, 1931.

Wm. H. Wilson, of Houston, and Butler, Price & Maynor and Marsh & McIlwaine, all of Tyler, for plaintiffs in error.

Stewart & De Lange, of Houston, and Thomas, Storey & Grady, of Dallas, for defendant in error.

RYAN, J.

H. E. Byrne, plaintiff below, on December 9, 1927, brought this proceeding in the district court of Harris County to set aside a judgment rendered against him on July 18, 1927, in favor of Carter Stewart for $14,731.-62, on the grounds that neither he nor his attorneys of record received any notice of the setting of the case for trial, that neither he nor his attorneys had any knowledge of the rendition of the judgment until it was too late to file motion for new trial (the time for which had expired), but, as soon as he received information that said judgment had been rendered, he filed this action to set it aside, and that he had a meritorious defense, in that in an amended answer filed on May 13, 1926, he pleaded an adjudication and final discharge in bankruptcy, and that Stewart's claim was provable against him, and was rendered nonenforceable against him by reason of such discharge.

Pending this suit, W. L. Shirey was made a defendant; the judgment having been assigned to him by Stewart.

The answer, among other things, consisted of a general denial and special plea that Byrne had notice prior to July 18, 1927, that the court had set the cause for trial on that day and neither he nor his attorneys attended the trial, that he did not file a motion for new trial during the term, and he neither appealed from the judgment nor sued out a writ of error to have the judgment corrected.

The trial court submitted to a jury only one issue, viz.: "Did H. E. Byrne have knowledge or information in any way before July 18, 1927, that the case of Stewart v. Houston Finance Corporation, No. 103369, in the District Court of Harris County, had been set for trial on July 18, 1927?" to which the jury answered, "Yes," and on such verdict rendered judgment that plaintiff Byrne take nothing against the defendants Carter Stewart and W. L. Shirey, and that they recover of

him all costs of suit, for which execution may issue.

The honorable Court of Civil Appeals at Galveston reversed the judgment below and rendered judgment in favor of Byrne, canceling, in so far as he is affected, the former judgment recovered by Stewart against him. 30 S.W.(2d) 395.

■ It appears that the district courts of Harris county have a rule regarding the setting of cases for trial, as follows: "No written request will be required to secure a setting for a non-jury case, but a setting will be made either by agreement of both parties to try said cause on a day certain, or if the party desiring to try said cause is unable to secure such agreement, then on application with notice to opposing party it will be set arbitrarily by the presiding judge on a date sufficiently distant to allow opposing party to prepare said cause for trial," and it is contended that, when this case was set for trial, Byrne or his attorney should have been notified thereof, long enough in advance to allow him to prepare the case for trial, and that a mere long-distance telephone advice from a litigant on the same side with himself of its being set for trial less than four days in advance, one of which was Sunday, did not in any sense comply with the explicit notice thus plainly contemplated; there being at the same time no pretense of an existing agreement between the parties to try.

Mr. Roberts, one of Bryne's codefendants, testified that in a long-distance telephone conversation he had with the latter, on Thursday before the case was called for trial on the following Monday, he told Mr. Byrne "that the case of Carter Stewart v. Houston Finance Corporation was set down for trial in Houston on the 18th day of July, 1927. That was on Thursday before the case was actually tried."

Roberts testified also: "My purpose in calling Mr. Byrne was to get him to come down here and testify in that case, and after talking with him at some length he said that he didn't have any more interest in it, that he had been relieved of it by bankruptcy, and he wasn't coming," and, "The reason I waited until three days before the trial to ask Mr. Byrne to come to Houston was because I thought he would come; I thought he would be interested enough in his own welfare in the case to come. He then told me he wouldn't come," and "that was on Thursday, I think the 14th of July, 1927, four days prior to the time the case was set for trial. I am positive about it for the simple reason that I remember it so well I can't be mistaken; I don't think I can. I can be but I don't think I can."

Dr. Andrews, who was interested in the Tyler Commercial College, which was a party to the litigation resulting in the judgment rendered in the case of Carter Stewart v. Houston Finance Corporation et al., testified: "I had a conversation with the plaintiff, H. E. Byrne along about the first part of the year 1927, in the Blackstone Hotel in Tyler, in his room. That was about February 10th, 12th or 14th, somewhere along there, 1927. In that conversation the case of Carter Stewart v. Houston Finance Corporation in which he was a defendant was discussed. The conversation came up by me asking him if he wouldn't co-operate with us and showing him the situation we were in, and it came up at my suggestion. At the college we felt in need of Mr. Byrne who knew the case from beginning to end, we wanted his co-operation, and it was suggested that I go to see him and see whether or not that could be had. I talked to him and we drifted into the matter of the case and he told me that he had taken the bankrupt law and he was absolved from responsibility in the case and that he had practically let his attorneys go, and that he was not going to take any more interest in it."

Mr. Byrne denied all knowledge of any setting of the case or that "it was being tried," and testified that he first learned, some time in September, in a conversation with Mr. Morris, that the case had been tried and judgment rendered against him, and that he relied upon his attorneys "keeping up with the case"; also "if I had known that this case was set for trial for July 18, 1927, I would have presented my defense, which was bankruptcy. I had been discharged in bankruptcy and the case was listed. This Carter Stewart case was pending before my petition in bankruptcy."

That rule of court is not mandatory; the character of notice to be given the opposing party is not prescribed; the purpose sought to be accomplished by the notice is that the adverse party may be apprised of the setting, to the end that, if he desire, he may appear and protect his interests when the case is called. It is immaterial how he obtained the notice, so long as he did obtain it.

In this instance the notification was by Roberts, an interested party and codefendant with Byrne.

■ A court of equity will not interfere to set aside a judgment and grant a new trial, except upon a showing of strict diligence in the presentation of the cause and upon proof that, after doing all that such diligence required to be done, he has been deprived by fraud, accident, mistake, or other uncontrollable circumstances, of properly presenting his case upon the trial. And if, after it has become apparent that he must fail in his suit, he fails to avail himself of all means at his disposal to arrest the judgment and to exhaust every legal remedy to vacate it after it has been rendered, relief will be denied. That the complainant has a meritorious case, and that he has been compelled to suffer an

adverse judgment by circumstances wholly beyond his control, are the fundamental grounds upon which the equity to demand a new trial must rest. Brownson v. Reynolds, 77 Tex. 254, 13 S. W. 986.

Relief will not be granted unless the party seeking it can show clearly to the satisfaction of the court that he has a good defense to the action, which he was prevented from making by fraud, accident, or the acts of the opposite party, wholly unmixed with any fault or negligence on his part. Johnson v. Templeton, 60 Tex. 238; Duncan v. Smith Grain Co., 113 Tex. 555, 260 S. W. 1027; White v. Powell, 38 Tex. Civ. App. 38, 84 S. W. 836.

Assuming that the discharge in bankruptcy was a good defense and was properly pleaded, was Byrne's failure to offer and prove it at the trial the result of fraud, accident, or the acts of the adverse party, wholly unmixed with any fault or negligence on his part?

■ The burden of proof was on Byrne to show, in addition to such discharge in bankruptcy, that he was not guilty of negligence in failing to move for a new trial of the case after the judgment was rendered and during the term of court at which it was rendered, or in failing to prosecute an appeal therefrom, if by such an appeal he could have urged the same facts as grounds for a reversal of the judgment. Freeman v. Miller, 53 Tex. 372; Harris v. Musgrave, 72 Tex. 18, 9 S. W. 90; Chambers v. Gallup, 30 Tex. Civ. App. 424, 70 S. W. 1009.

Byrne's own testimony that, if he had known that the case was set for trial on July 18, 1927, he would have presented his defense of a release in bankruptcy, rendered unnecessary the submission of his special issue No. 2 (refused by the court), as follows:

"If you have answered Special Issue No. 1 yes, then you will answer the following issue, otherwise you will not answer same.

"Was such notice, if any, given to H. E. Byrne or his attorneys at date sufficiently prior to July 18th, 1927, in order to allow H. E. Byrne and his attorneys a reasonable time to prepare said cause for trial?"
—and his special issues Nos. 3, 4, and 5 (also refused by the court), whether Carter Stewart or his attorneys gave notice to Byrne or any of the latter's attorneys of an application to set the case for trial, and if such application for such setting was sought to be made.

■ The jury having found that Byrne had prior notice of the setting, he could escape the effect of that finding only by showing that, although he had such notice, he was not negligent in not attending the trial and urging his defense, or in not asking for a postponement if he had not had sufficient time to prepare for trial, or in not filing a motion for new trial, or having it acted on and prosecuting an appeal from the overruling thereof.

These issues were not submitted by the court, and Byrne did not request a submission thereof.

■ Whether he was or was not negligent, under the circumstances (the burden being on him to show that he was not negligent), was a question of fact, and, not having been submitted, is deemed found by the court in such manner as to support the judgment; there being evidence to support it. Article 2190, Rev. Stat. 1925; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

In our opinion, the jury's finding is conclusive of the question of negligence adversely to Byrne and the district court rendered the proper judgment.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court be affirmed.

LEDDY, J., not sitting.

CURETON, C. J.

Judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.