**SIMMONS v. SIKES, Sheriff, et al.**

No. 4268.

Court of Civil Appeals of Texas. Texarkana.
Nov. 16, 1932.

Rehearing Denied Jan. 12, 1933.

194

Warren & Warren, of Tyler, and Lyle Saxon, R. G. Storey, and Goggans & Ritchie, all of Dallas, for appellant.

Butler, Price & Maynor and Marsh & McIlwaine, all of Tyler, for appellees.

LEVY, J. (after stating the case as above).

The points in controversy and on appeal and as grounds for injunctive relief sufficiently appear in the court's conclusions of law, which are here set forth in full:

"1. The abstract of the judgment having been properly made out and certified by the Clerk of the District Court of Harris County, and having been properly filed, recorded and indexed by the Clerk of the County Court of Smith County, Texas, on the 'Judgment Record and Index Record' the plaintiff, in the judgment Carter Stewart, and his assignee, W. L. Shirey, acquired a judgment lien on all the property owned by Byrne at the time the judgment was abstracted; and all the property that should be acquired by him thereafter, not exempted from forced sale by the constitution and laws of this state, until the judgment was satisfied.

"2. The copyrights being property subject to the payment of the debts of H. E. Byrne his gift of the copyright to his wife is void as to his creditors, one of which was the debt then due and owing by him to Public National Bank, there being no evidence that at the time he made this gift he was possessed with property in this State subject to execution sufficient to pay his debts.

"3. (a) Had the gift of Byrne to his wife of the copyrights been valid; and the copyrights, had by the assignment, become the separate property of Mrs. Byrne, the rents and revenues paid to her by the Tyler Commercial College, for use of the copyrights, was community property; and there being no evidence that Byrne gave the money to his wife after it was paid by the Tyler Commercial College; and it appearing from the evidence that the shares of stock were reacquired from the Bank by the payment of this community money to the bank, in satisfaction of Byrne's indebtedness to it, the shares of stock became, too, community property and the shares of stock having been given in exchange for the lot conveyed to Byrne by Tyler Commercial College and its trustees the lot became and was the community property of Byrne and his wife; and immediately on the transfer became subject to the judgment lien for the payment of the judgment; and therefore subject to sale under execution for the satisfaction of the judgment.

"(b) Furthermore had Byrne attempted to give the money to his wife after it was paid by the Tyler Commercial College for the use of the copyrights, the gift would have been void as to the Public National Bank a then creditor of Byrne or the then legal holder and owner of such indebtedness.

"4. The transfer of the judgment by Carter Stewart to W. L. Shirey did not work a satisfaction of the judgment for the reason that Shirey was not a party to the judgment and therefore was not bound for its payment, either directly or indirectly, because it appears from the evidence that at the time the debt upon which the judgment was recovered accrued he was not a holder of shares in either Houston Finance Corporation or the Tyler Commercial College; and his subsequent acquisition of shares in the Tyler Commercial College did not render him liable for the debts then owing by that association or partnership there being no evidence showing that he contracted or agreed to pay such debts.

"5. The release by Shirey to W. C. Wiley and W. E. Weatherford, two of the judgment debtors, from any liability thereon, for the valuable consideration paid them respectively to him, did not release Byrne from his liability on the judgment because it appears from the releases that Shirey did not intend to release the other judgment debtors; and he expressly reserved the right to proceed against the other judgment defendants by lawful methods to collect the judgment.

"6. The discharge of Byrne as a bankrupt did not avoid, kill or destroy his indebtedness to the Public National Bank, and the judgment having been rendered against him subsequent to his discharge is not null and void and cannot be attacked collaterally as attempted by the plaintiff in this cause; and therefore the execution issued on the judgment is valid and the levy by the sheriff of the execution on the lot in satisfaction of the judgment is and was a legal levy; and the property being subject to the payment of the debt the injunction prayed for by plaintiff to restrain the sale of the property should not have been granted."

It is believed the above conclusions of law are correct, and may not be more plainly stated, and they are therefore here adopted by this court. It is sufficient to merely make a brief reference to the points urged on appeal.

The assignments of errors 8 to 11, inclusive, predicate error in several particulars upon the conclusion of the court "as a matter of law" that the abstract of the judgment rendered in the district court of Harris county "created a lien upon the property herein involved." As reflected by the record, objections in the trial were made upon the several named grounds to the introduction in evidence of the abstract of judgment, and the objections were overruled by the court. The assignments of errors mentioned are not predicated upon the action of the court in overrul-

ing the objections made to the admissibility in evidence of the abstract of the judgment. According to the court's findings of facts in this record, which are not challenged, the abstract of the judgment mentioned as delivered to the plaintiff was made "as provided in Article 5447 Revised Statutes of the State," meaning that in point of fact the abstract contained the requisites of the article mentioned. Also as found by the trial court as a fact, the abstract of judgment was recorded by the county clerk of Smith county "as provided in article 5448, Texas Revised Statutes," meaning that in point of fact the requisite steps of the article mentioned were followed by the clerk. As a fact, as found by the court, execution on the judgment was issued and the sheriff made return on the execution July 19, 1928, after the rendition of the judgment on July 21, 1927. The court attached the legal effect of the facts so found as creating "a judgment lien on all the property owned by Byrne." The statute so provides, and the ruling was correct. Article 5449. Even though the objections presented to the abstract as urged in the brief be considered independently of the trial court's conclusion, it is thought there was no error in the court's ruling.

■■ Although not corporeal, but existing in contemplation of law, a copyright is enjoyable as a legal estate, as other movable property. In this case there was not an assignment of the copyright itself, but only the hiring of the right of use as a means and object of profit bearing annually for five years. Assuming that there was a valid gift of the copyright to the wife, and the same thereby became her separate property, yet the money paid to her annually by the Tyler Commercial College "for the use of the copyrights" was, in the circumstances found by the court, community property. Letting the property or right for hire is as interest on the funds of separate property would be. Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799; Brokaw v. Collett (Tex. Com. App.) 1 S.W.(2d) 1090; Frame v. Frame, 36 S.W.(2d) 152, 73 A. L. R. 1512; Speer on Law of Married Women (3d Ed.) § 368.

■■ The court's conclusions of law, 4 and 5, were in keeping with facts found in sections 6 and 7. According to finding No. 6, Mr. Shirey was not a party to the judgment; at the time of the transfer to him of the judgment he had no interest in the Tyler Commercial College; he did not agree to assume any of the debts of the college when he acquired an interest therein; in purchasing the judgment he used his own money and acted exclusively for himself. Therefore, his subsequent acquisition of shares in the college did not, as the court concluded as matter of law in section 4, render him liable for the debts then owing by that association or partnership, he not having agreed or contracted to

pay such debts. Freeman v. Huttig Sash & Door Co., 105 Tex. 560, 153 S. W. 122, Ann. Cas. 1916E, 446; 20 R. C. L., § 219, p. 985. The point urged is exceptionally well presented in appellant's brief and must be denied only because of the special facts of the present case. The finding of fact No. 7 is based on the written releases which state, namely: "It is however expressly agreed and understood by me (Shirey) and said Wiley and said Weatherford that the release of him as one of the defendants in said judgment shall not have the effect to release the other defendants, and that I expressly reserve to myself all rights as the legal holder and owner of said judgment against (here naming each defendant) to take out execution and levy the same upon all the estate and property of (here naming the defendants) or either of them," etc. The conclusion of law No. 5 has support in the ruling in Pennington v. Bevering (Tex. Com. App.) 17 S.W.(2d) 772.

■ In connection with finding of fact No. 8, upon which conclusion of law No. 6 was based, it appears that Mr. Byrne brought a proceeding to set aside the judgment rendered in the district court of Harris county. The grounds of the proceeding were that Mr. Byrne had no notice of the setting of the case for trial, and that he had a meritorious defense which he had pleaded in an amended answer of discharge in bankruptcy of the plaintiff's claim against him. In that proceeding Mr. Shirey was made a party upon the ground that the judgment had been assigned to him. Mr. Byrne was denied a reopening of the Harris county judgment, both in the district court and on appeal in writ of error to the Supreme Court. Stewart v. Byrne (Tex. Com. App.) 42 S.W.(2d) 234. The judgment rendered in that case is res adjudicata, and cannot be attacked collaterally in this present case. In view of these special circumstances it may not be held that the court's conclusion of law No. 6 was error.

The judgment is affirmed.

### On Motion for Rehearing.

The appellant cites the recent opinion in case of Hawkins v. Britton State Bank (Tex. Com. App.) 52 S.W.(2d) 243, as ruling the contention that the rents and revenues of the wife's separate property were not subject to the payment of community debts contracted by the husband. The facts of the two cases are different and there is no conflict in the two opinions.

In the present case the husband was owing an indebtedness to the State Bank & Trust Company and pledged as collateral security for the debt certificate No. 1 for 95.125 shares of stock of the Byrne-Roberts Loan Company. The shares of stock were community property and the certificate was in the name of the husband, and the debt owing the bank

was a community debt contracted by the husband. The husband paid off the debt owing to the bank and thereupon the bank surrendered the certificate of shares of stock to the husband. The money paid to the bank in satisfaction of the indebtedness was the money paid by the Tyler Commercial College for the use of the two copyrights of the writings entitled respectively, "Byrne's Practical Bookkeeping and Business Training" and "Byrne's Simplified Shorthand." The husband had previously given the copyrights to his wife, and such copyrights were her separate property by the gift to her. The Tyler Commercial College had agreed to pay Mrs. Byrne for the use of the two copyrights the sum of $7,000 a year for a period of five years. At a time after the payment of the bank debt and the surrender by the bank of the certificate of shares of stock pledged as security, the husband, H. E. Byrne, purchased from the Tyler Commercial College through its trustees the land in suit, and the deed therefor was made in his name, paying as the entire consideration therefor the said certificate of shares of stock, duly assigned by him. The theory of the appellant appears to be that although the certificate of stock may have been used as the consideration for the land, yet the separate funds of the wife were used to acquire back such stock from the bank, and the husband was therefore holding the title to the land as trustee for her as beneficiary.

In the case of Hawkins v. Bank, supra, the husband as payment of the indebtedness contracted by him conveyed the immature hay growing on the wife's separate real estate, and certain implements which had been bought with the rents and revenues derived from the wife's separate real estate.

There was only involved in the Hawkins Case, as readily seen, the simple question of whether or not the rents from Mrs. Hawkins' separate land could be made subject to the debts contracted by the husband. The court held, and very correctly so, that the rents of the wife's separate real estate was expressly exempted under terms of article 4616, R. S., from payment of community debts contracted by the husband. That article, though, does not by its terms exempt from payment of community debts of the husband the revenue arising from use or hire of separate property in the nature of copyrights. Copyrights as concluded in our original opinion, are "enjoyable as a legal estate, as other moveable property." It is not questioned that the revenue arising from its use or hire is community property. Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799, and other cases, including Hawkins v. Bank. No character of community property is exempted under article 4616 except that specifically named in the article. Such of the community property as is not expressly protected by the article mentioned may be and is subject to the payment of the community debts contracted by the husband. Speer on Marital Rights (3d Ed.) § 383. Unless the revenue from the use or hire of the copyrights was exempted by article 4616, the theory of the appellant may not legally be predicated upon the facts of the case.

The motion for rehearing is overruled.