## HICKS et al. v. PRICE, Sheriff, et al.

### No. 10059.

Court of Civil Appeals of Texas. Galveston.

Feb. 9, 1935.

Suit by A. Hicks and others against Earl Price, Sheriff, and others, for a temporary injunction. From a judgment refusing the injunction, plaintiffs appeal.

PLEASANTS, Chief Justice.

This appeal is from a judgment of the court below refusing appellants a temporary injunction in a suit brought by them against appellees.

The suit, which was brought by A. Hicks, J. D. Simmons, and C. M. Haddad on June 1, 1933, against appellees Dr. W. L. Shirey, Earl Price, sheriff of Smith county, H. E. Byrne, W. M. Roberts, R. E. Morris, Tyler Commercial College, W. E. Weatherford, W. C. Wiley, E. R. Burgett, and Standard Accident Insurance Company, to enjoin the sale under execution of property which is described in the petition as a part of lot No. 1 in block No. 22 in the city of Tyler in Smith county:

"Beginning at the Northwest corner of Lot No. 1, which is also the Northwest corner of said Block No. 22;

"Thence East with the South line of West Elm Street, 120 feet to corner;

"Thence South parallel with the East line of South College Street, 130 feet to corner;

"Thence West 120 feet to corner on the East line of South College Street;

"Thence North along the East line of South College Street, 130 feet to the place of beginning, and being the same land described in a deed from the Tyler Commercial College and its trustees to H. E. Byrne, dated February 16, 1927, and recorded in Volume 195,

page 142, Deed Records of Smith County, Texas."

The petition alleged in substance that the defendant sheriff, acting under a pluries execution issued from the court below on a judgment rendered by said court on July 21, 1927, in favor of Carter Stewart against all of the defendants named in the petition, and also against Houston Finance Corporation, the Byrne Publishing Company, and W. F. Andrews, for the sum of $14,731.62, has levied upon the land as the property of H. E. Byrne and advertised it for sale in satisfaction of said judgment on June 6, 1933.

It is further alleged that the 120 by 130 feet of land before described was conveyed to H. E. Byrne by the Tyler Commercial College by deed of date February 16, 1927, which deed was duly recorded in the deed records of Smith county; that said Byrne and wife, on October 2, 1928, conveyed the land to R. E. L. Johnson, who thereafter conveyed to plaintiff J. D. Simmons the south 60 by 120 feet of the land by deed dated October 16, 1928, and by deed dated November 30, 1928, sold and conveyed the 70 by 120 feet of the tract of land to plaintiff A. Hicks by deed dated March 28, 1929; that Simmons sold and conveyed the north 38 by 120 feet of the portion of the tract conveyed to him by Johnson to plaintiff Hicks, who thereafter by deed dated May 9, 1929, conveyed it to plaintiff Haddad; that each of the deeds above mentioned were forthwith duly recorded in the deed records of Smith county.

"That at the present time the plaintiff A. Hicks is the owner in fee simple of the North 70 by 120 feet of said original tract; the plaintiff C. M. Haddad is the owner of the 38 by 120 feet of said tract adjoining the Hicks tract on the South, and the plaintiff, J. D. Simmons, is the owner of the South 60 by 120 feet of said original tract.

"That these plaintiffs are informed and believe and therefore allege on such information and belief, that at the date of the sale of the original tract of land above described by the said Lida Byrne and husband, H. E. Byrne, to R. E. L. Johnson as aforesaid, said land was vacant and unimproved or that any improvements then situated thereon were old and worthless and of no substantial value. That since said date the plaintiff, A. Hicks, has erected on the 70 by 120 foot tract owned by him a substantial brick building at a cost of approximately $40,000.00 and that the plaintiff, J. D. Simmons, has erected a substantial brick building on said tract owned by him, together with an adjoining tract on the South also owned by him, and that such improvements are of the approximate value of $10,000.00; that the defendant Earl Price, Sheriff as aforesaid, under and by virtue of said pluries execution, is now attempting to sell, not only the real estate above described, but also the improvements situated thereon, although the defendant, H. E. Byrne, has never had any interest in or to any of such improvements.

"That the defendant, Dr. W. L. Shirey, purporting to be the owner and holder of the judgment in the case of Carter Stewart v. Houston Finance Corporation et al., above mentioned, claims and asserts that such judgment constitutes a lien against the land and premises above set forth superior to the right, title and claim of these plaintiffs in the respective portions of said land and premises owned by them as above set forth.

"That the Houston Finance Corporation and Byrne Publishing Company, two of the defendants in the original cause of Carter Stewart v. Houston Finance Corporation et al., above mentioned, are, so these plaintiffs are informed and believe, and therefore allege on information and belief, now dissolved, out of business and insolvent and possessed of no assets, and W. F. Andrews, one of the defendants in said cause is now deceased and the heirs or legal representatives of said W. F. Andrews are unknown to counsel for the plaintiffs."

Other paragraphs of the petition allege in substance that the plaintiffs, prior to the institution of this suit, offered to pay the defendant Shirey the full amount due on the judgment in favor of Carter Stewart, before described, if the said defendant would transfer and assign said judgment to them, but that said defendant refused to accept such payment and make such assignment of the judgment; that plaintiffs here now tender the full amount due on said judgment at the time this suit was filed, subject only to the assignment to them of the judgment unimpaired by any act of the defendant other than the two releases heretofore executed by him to the defendants W. E. Weatherford and W. C. Wiley for the respective amounts paid by them on the judgment; that said judgment is against each of the defendants therein jointly and severally, and said defendant Shirey is seeking to enforce the judgment only against these plaintiffs, who are vendees of the land owned by defendant Byrne at the time the judgment against him was rendered, and has failed and refused to collect the judgment from the other defendants therein except the defendants Weatherford and Wiley,

from each of whom he has collected the sum of $606.70.

Plaintiffs further alleged that the defendant Tyler Commercial College is solvent and the judgment could be collected from said defendant; that an understanding or agreement existed between defendant Shirey and each of the remaining defendants that he will satisfy the judgment by sale of the property of these plaintiffs, and thereby satisfy and extinguish the judgment or any lien on the property of the other defendants; that such agreement is a conspiracy in fraud of the rights of plaintiffs, and defendant Shirey should upon the facts stated be required to attempt the collection of the judgment from the other defendants before seeking to subject the land owned by plaintiffs to the payment of the full amount of the judgment.

The petition further alleges that the sale of improvements placed on the land by plaintiffs under the execution levied thereon by the defendant sheriff would be a fraud upon the rights of plaintiffs because the defendant Byrne never at any time owned any interest therein and such improvements cannot be held subject to a judgment in favor of defendant Shirey; that the threatened sale of the land under the execution before mentioned will create a cloud upon plaintiffs' title and cause them irreparable damage.

The prayer of the petition is that a restraining order be issued instanter and that upon a further hearing of the case such order be made perpetual; that defendant Shirey be required to marshal his liens and securities and proceed against the solvent defendants in the judgment before mentioned, before any enforcement of the judgment against plaintiffs' property; that the amount of principal and interest due on the judgment, with all costs incurred, be determined, and that, upon the payment thereof by plaintiffs into the registry of the court, the defendant Shirey be required to execute to plaintiffs an assignment of the judgment, and that judgment be entered in behalf of plaintiffs for the amount so paid by them against the defendants jointly and severally; that said defendant Shirey be permanently enjoined from further proceeding to sell plaintiffs' land and houses under the execution now in his hands.

Plaintiffs further pray for equity and general relief.

The material allegations of fact in this petition were sworn to by plaintiffs' attorney.

Upon presentation of this petition to the judge of the court below in chambers on June 1, 1933, he entered his fiat thereon directing the issuance of a temporary restraining order, and a notice to the defendant sheriff to appear before the court on June 16, 1933, and show cause why such temporary injunction should not be made effective until a final hearing of the cause.

This restraining order and notice were duly issued and served upon the defendants.

The hearing was postponed by the court from time to time, and was not held until June 28, 1933, and no decision was made by the court until July 14, 1933.

On the day of the hearing the defendants, Earl Price, sheriff of Smith county, and W. L. Shirey, each filed an answer to the petition; the answer of defendant Shirey being properly verified by his affidavit. The answer of the defendant sheriff contains exceptions to the petition on the ground of misjoinder of plaintiffs, and of defendants, also a general demurrer and numerous special exceptions, the nature of which need not be stated. He further answered that the property in controversy was levied on and advertised for sale by him as the property of H. E. Byrne, under an execution issued from the court below on the judgment described in plaintiffs' petition; that no sale of the property had been made because of the restraining order theretofore issued and served upon him, and that he has no interest other than to comply with the order of the court contained in the execution under which he made the levy. He further answered by a general denial of each and all of the material fact allegations of the petition, and also adopted as his own all of the allegations of the answer of defendant Shirey.

The sworn answer of the defendant Shirey contains the same exceptions and demurrer as those above shown as contained in the answer of the defendant sheriff, and also a number of additional exceptions which need not be here stated. He further generally denied the allegations of the petition, and specially averred in substance that a certified abstract of the judgment upon which the execution in this case was issued was filed with the clerk of the county court of Smith county, and was properly recorded by the clerk in the judgment records of the county on August 3, 1927, and that such record and the index thereof were prepared and made in accordance with the requirements of articles 5447 and 5448, Revised Statutes of Texas; and that on July 19, 1928, on application of plaintiff in the judgment, Carter Stewart, an execution was issued on said judgment and

placed in the hands of the sheriff of Smith county, and was returned by the sheriff on the day of its receipt, "not executed"; that thereafter, on January 21, 1929, Carter Stewart, for a consideration of $16,505.83 paid to him by defendant, transferred the judgment to defendant; that this transfer was filed with the papers in the case, and was properly recorded by the clerk as required by article 6636 of our statutes; that, at the time the abstract of judgment was filed and recorded in the office of the county clerk of Smith county, H. E. Byrne was the owner of the land involved in this suit, as shown by the deed records of the county, and that by the filing of such abstract Carter Stewart acquired a judgment lien upon the land for the satisfaction of his judgment, and that the land subsequently acquired by plaintiff through and under Byrne was subject to said judgment lien, and defendant under his transfer of the judgment from Carter Stewart has the right to enforce such lien by sale of the land under execution issued on said judgment; that the brick buildings on the land, which are built into and permanently attached to the land, are a part thereof and subject to defendant's lien; that, at the time plaintiffs purchased their respective tracts of land, each of them had both constructive and actual notice of the lien, and refused to buy unless their grantors would procure a surety company to execute a guaranty of their respective titles and protect them against any loss of the costs of improvements which they might place thereon, in event said land should be sold to satisfy the Stewart judgment; that such insurance policies were obtained by plaintiffs and are now in their possession, and they are notified to produce such original contracts of insurance on the trial of the case.

The answer of this defendant further pleaded the judgment of the Supreme Court in the case of Stewart v. Byrne (Tex. Com. App.) 42 S.W.(2d) 234, and the judgment of the Texarkana Court of Civil Appeals, Simmons v. Sikes, 56 S.W.(2d) 193, as res adjudicata of all of the issues presented by plaintiffs' petition.

Upon these pleadings and portions of the record in the original suit of Carter Stewart against M. E. Byrne, the published notice of the sale of plaintiffs' property, affidavits of each of the plaintiffs, and the agreement of counsel, the trial court made and entered a judgment refusing the application for temporary injunction.

No briefs have been filed by either party. No motion to advance was made in the case, and the record has lain here since its filing on August 3, 1933, until it was called in regular order for calling a month or two ago.

We think it clear that the judgment of the trial court is correct and should be affirmed.

■ The record of the judgment abstract in Smith county fixed a lien on the property in favor of the plaintiff in the judgment, Carter Stewart, and the right to enforce this lien by execution passed to defendant Shirey by the transfer of the judgment to him. The defendants in the judgment were jointly and severally liable for the full amount thereof, and execution could be had upon the property of any one of them and the property sold in satisfaction of the judgment.

■ The lien upon the land covered the buildings thereon, which from their nature and construction became a part of the realty and subject to the lien. Especially is this true when it is shown by the affidavits of plaintiffs that they had actual notice of this judgment lien when they purchased the land, and required their vendors to procure insurance guaranteeing the title and protecting them from loss of the costs of improvements erected thereon.

It is hardly necessary to cite authority to sustain the above-stated conclusions of law. We will, however, cite the case of Simmons v. Sikes et al. (Tex. Civ. App.) 56 S.W.(2d) 193, which was a suit by plaintiffs in this suit to enjoin an execution issued on the judgment in favor of Carter Stewart which is involved in this suit. If the opinion cannot be regarded as res adjudicata of the questions presented in this appeal, it fully supports all of our above-stated conclusions.

It follows from what we have before said that the judgment must be affirmed, and it has been so ordered.

Affirmed.