**ROOSTH et al. v. POTH et al.**

**No. 11624.**

Court of Civil Appeals of Texas. San Antonio.

Oct. 30, 1946.

Rehearing Denied Dec. 4, 1946.

W. Edward Lee, of Tyler, for appellants.

Boone, Boone & Davis, Kleberg, Eckhardt, Mobley & Roberts, and Gordon Boone, all of Corpus Christi, for appellees.

MURRAY, Justice.

This is an appeal from a judgment rendered on the 1st day of February, 1946, in the 117th District Court of Nueces County, Texas, decreeing, among other things, that the judgment entered in cause No. 18202–B, styled E. W. Poth et ux. v. Sam Roosth et al., in said 117th District Court on December 19, 1938, to be null and void from its inception and of no further force and effect; adjudging and decreeing that Sam Roosth and some fourteen other cross-plaintiffs take nothing of and from Josephine Poth, individually and as independent executrix of the estate of E. W. Poth, deceased, Kate Jones, individually and as community survivor of the Estate of Lewis H. Jones, deceased, The Corpus Christi National Bank of Nueces County, Texas, and Taylor Refining Company, as to the title and possession of the 14.21 acres of land, more or less, lying adjacent to the Port View Addition to the City of Corpus Christi, Texas, and fully described in the judgment; without prejudice, however, to the right of Mrs. Josephine Poth to the enforcement of a vendor's lien reserved in a deed from said Mrs. Poth to Taylor Refining Company, and further adjudging and decreeing that a certain oil, gas and mineral lease recorded in Vol. 24, p. 233, et seq. of the Oil and Gas Lease Records of Nueces County and all transfers and assignments thereof to be cancelled and to be of no further force and effect.

The controlling question in this case is the validity vel non of the judgment in said cause No. 18202–B above described.

The first contention of appellant Sam Roosth and the other fourteen appellants is that the judgment in cause No. 18202–B, being a judgment that plaintiffs take nothing of and from the defendants as to the title and possession of the land described by metes and bounds, and that plaintiffs recover nothing as for damages in a suit wherein the petition contained two counts, the first of which was a statutory trespass to try title suit and the second for the cancellation of an oil and gas lease and for damages, the defendants having plead, among other things, not guilty, had the effect of divesting E. W. Poth and Josephine Poth of the fee simple title to said land.

The law is well settled that where plaintiff brings a suit in the statuory form of trespass to try title and the defendants enter a plea of not guilty and a judgment is entered that plaintiffs take nothing as to the land, the effect of such a judgment is to divest plaintiffs of all title to the land and to vest in the defendants the title and possession of the land. French v. Olive, 67 Tex. 400, 3 S.W. 568; Wilson v. Swasey, Tex.Sup., 20 S.W. 48; Myricks v. Heilbron, Tex.Civ.App., 170 S.W.2d 827;

Permian Oil Co. v. Smith, Tex.Civ.App., 73 S.W.2d 490; 41 Tex.Jur. p. 679, § 171.

■ Appellees contend that the effect of their second count in the petition was to abandon the trespass to try title suit and to limit the case to a suit to cancel an oil ease. We cannot agree with this contention. The rule is well established that where a plaintiff first sets forth in his petition a statutory trespass to try title and then specifically pleads his title, he is bound by his specially plead title and can rely on none other. Here we have quite a different situation, plaintiff first plead a regular statutory trespass to try title and for further cause of action also asked for the cancellation of an oil and gas lease. This second count did not in any way plead a special title and did not have the effect of limiting the first count in any way.

We next come to the question as to whether or not the judgment in cause No. 18202–B was void. The judgment is short and will be here copied in full, with the exception of the description of the land. It reads as follows:

"E. W. Poth et ux. vs. Sam Roosth et al. No. 18202–B

"In the 117th Judicial District Court of Nueces County, Texas.

"On this, the 19th day of December, A. D. 1938, the above cause having heretofore been regularly set for trial on this date (the same being a day of a regular term of this court) and plaintiffs having heretofore requested a jury, paid a jury fee, and placed this cause upon the jury docket, the plaintiffs announced not ready but filed no motion for continuance; the defendant, the First National Bank of Shreveport, Louisiana, having filed its disclaimer herein came not further; the cross plaintiffs having in open court then and there taken a non-suit, without prejudice, upon their cross petition, which was by the court allowed; and all other defendants having appeared either in person or through their attorneys of record and announced ready for trial, a jury having been duly impaneled, selected and sworn, the cause proceeded to trial before the court and the jury and upon hearing the pleadings, evidence and argument of coun-

sel, and at the conclusion thereof the defendants having filed a motion for instructed verdict the court was of the opinion and found that said motion should be granted, the jury was then and there requested and instructed to return a verdict for defendants, and upon such instruction the jury retired and afterwards on the same day returned into court its verdict as follows: "We, the jury, find for the defendants.

"'W. J. McCollum
"'Foreman'

"The verdict of the jury having been in open court received and filed by the clerk, judgment thereon is here and now on this 19th day of December, 1938, rendered as follows: It is ordered, adjudged and decreed that cross plaintiffs' cross petition be and is hereby dismissed without prejudice; It is further ordered, adjudged and decreed that plaintiffs, E. W. Poth and wife, Josephine Poth, do have and recover nothing of and from the defendants as to the title and possession of the following described land, lying and situated in Nueces County, Texas, to-wit: (Here follows the description of the property.) * * * It is further ordered, adjudged and decreed that said plaintiffs do have and recover nothing of and from any of the defendants as for damages; it is further ordered, adjudged and decreed that all costs herein be and are hereby assessed against plaintiffs, for which execution issue, and all other writs for enforcement of this judgment.

"Entered 12/19/38
"Cullen W. Briggs
"Judge Presiding"

■ There is nothing on the face of this judgment rendering it void. It recites the setting of the case, the appearing of the parties, the impaneling of the jury, the taking of a non-suit by the cross-plaintiffs, the trial of the cause, the hearing of the pleadings, evidence and argument of counsel, the granting of defendants' motion for an instructed verdict, the verdict of the jury and the rendering of judgment in keeping with such instructed verdict. It is true that the judgment recites that the plaintiffs announced not ready

for trial but did not file a motion for a continuance and further states that the cause proceeded to trial. It is not customary for a judgment to recite whether or not the parties stayed through the trial, or whether they walked out upon the court. Neither would this fact be revealed by a reference to the "judgment roll" or the "judgment record." It would only be revealed by a resort to a bill of exceptions filed in the case. This bill of exceptions is no part of the judgment "record" or "roll." It occurs to us that the judgment roll or record to which resort may be had where a judgment is either silent or ambiguous upon a matter of importance to its validity includes only such pleadings, processes, returns thereon and such other proceedings in the case which are required by law to be filed or recorded. However, if resort be allowed to the bill of exceptions it will only reveal that plaintiffs were of the opinion that they were entitled to be served with citation on cross-plaintiffs' cause of action. This contention was overruled by the trial court and the announcement made that the case would proceed to trial upon both the main cause and upon the cross-action whereupon plaintiffs and their counsel left the court room and the remainder of the proceedings were had in their absence. This leaving of the courtroom did not take from the court jurisdiction to dispose of this case. The court had jurisdiction over the subject matter, to-wit, the land, and over all the parties. It is quite possible that the court erred in rendering judgment that plaintiffs take nothing, the only correct judgment being one dismissing the cause for want of prosecution, but the fact that the court erred does not take from the court jurisdiction. Jurisdiction carries with it the power to decide a case correctly or incorrectly. Crow v. Van Ness, Tex.Civ.App., 232 S.W. 539; Bearden v. Texas Co., Tex.Com.App., 60 S.W. 2d 1031; Walton v. Stinson, Tex.Civ.App., 140 S.W.2d 497; Stewart Oil Co. v. Lee, Tex.Civ.App., 173 S.W.2d 791.

The plaintiffs prosecuted a direct appeal by writ of error in cause No. 18202-B, setting up the error of the court in rendering judgment on the merits and not simply dismissing the cause for want of prosecution, but later this appeal was dismissed by this court on motion of such plaintiffs.

For the reasons above stated the judgment in cause No. 18202-B was not totally void and subject to collateral attack. Browning v. Pumphrey, 81 Tex. 163, 16 S.W. 870; Stark v. Hardy, Tex.Com.App., 29 S.W.2d 967.

Appellees cite many cases holding that it is error for a court to render any other judgment than one of dismissal of plaintiffs' cause of action where plaintiff refuses to read his pleadings or proceed with his evidence, such as Burger v. Young, 78 Tex. 656, 15 S.W. 107; Parr v. Chittim, Tex. Com.App., 231 S.W. 1079; Zachary v. Overton, Tex.Civ.App., 157 S.W.2d 405, but all of these cases were being considered upon direct appeals and not upon a collateral attack.

This leaves remaining the question as to whether this cause may be regarded as a direct attack upon the judgment in cause No. 18202-B, and if so whether or not appellees are in a position to maintain such a suit.

Appellants contend that this suit is not a direct attack upon the judgment in cause No. 18202-B, because it was not originally filed in the 117th District Court of Nueces County, in which cause No. 18202-B was tried, and, secondly, because all the defendants in the former suit have not been made parties to this suit. We will refrain from passing upon these contentions because we are of the opinion that appellees could not maintain this suit in the nature of a bill of review and a direct attack for want of diligence in timely instituting the suit.

The judgment in cause No. 18202-B was rendered on the 19th day of December, 1938. Appellees learned of the judgment the day it was rendered and on the following day sued out a writ of error to this Court which they afterwards dismissed. They then knew everything with reference to the invalidity of this judgment that they now know.

The present suit was not filed until December 31, 1941, some three years after

they had knowledge of the rendition of the judgment and the circumstances under which it was rendered. It was only in the form of a trespass to try title and no direct attack was made on the judgment in cause No. 18202–B until plaintiffs filed their First Amended Original Petition, on September 19, 1944, some five and one-half years after this judgment was rendered. However, it is entirely possible that the running of the statutes of limitation was stopped by the filing of the suit in December, 1941, under the provisions of Art. 5539b, Vernon's Ann.Civ.Stats., and we shall discuss only the question of diligence.

When a suit is filed in the nature of a bill of review by the original parties or their privies, they must act with diligence. Shook v. Shook, Tex.Civ.App., 145 S.W. 699; Stewart v. Byrne, Tex.Com. App., 42 S.W.2d 234.

Appellees could not maintain this equitable suit to set the judgment aside in cause No. 18202–B, without first showing that they exhausted their remedy of appeal, which they cannot show in this case, inasmuch as they took an appeal by way of writ of error and then voluntarily dismissed such appeal. Stewart v. Byrne, supra; Pass v. Ray, Tex.Civ.App., 44 S.W. 2d 470.

Before appellees would be permitted to set the judgment aside in cause 18202–B they would be required to show that they were prevented by fraud or accident, free from their own negligence, from preventing the ' rendition of that judgment. Padalecki v. Dreibrodt, Tex. Civ.App., 129 S.W.2d 481. The record here shows affirmatively that appellees were not prevented in any way from being present at the trial, but, on the contrary, that they deliberately walked from the court room when they were told their cause was going to trial.

The trial court erred in not setting aside the default judgment against Sam Roosth. Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124.

Appellees contend that in view of the fact that after the entry of judgment in cause No. 18202–B, W. E. Poth remained in possession of the land, and after his death Mrs. Poth held possession until she conveyed it to Taylor Refining Company in April, 1942, and in view of the further fact that the pipe line company made payment to the Poths for some oil produced from this land after the entry of judgment, appellants are now estopped to claim title to the land. We overrule this contention. The effect of the judgment rendered in cause No. 18202–B was to pass the fee simple title to the defendants in that cause, just as effectively as if it had been conveyed by appellees to them by deed, and any subsequent possession of the land by appellees would be of no consequence unless it was sufficient to establish title by limitation. Weisman v. Thomson, Tex.Civ.App., 78 S.W. 728.

It is not shown that appellants had any knowledge concerning the effect of the judgment in cause No. 18202–B, that appellees did not also have. Neither is it shown that appellants have made any misleading representations to appellees that caused them to act to their own hurt, therefore, the doctrine of estoppel does not apply. Richey v. Miller, 142 Tex. 274, 177 S.W.2d 255.

Accordingly, the judgment of the trial court will be reversed and judgment here rendered that appellants recover title and possession of the land and premises involved and fully described in the pleadings, that writ of possession issue, and that they recover rent at the rate of $2,000 per year from April 8, 1942, and all costs incurred herein.

Reversed and rendered.