### BEARDEN v. KNIGHT et al.
### No. 5975.

Court of Civil Appeals of Texas. Amarillo.
Sept. 19, 1949.

Rehearing Denied Oct. 31, 1949.

McCarthy, Collins and Snodgrass, Amarillo, for appellant.

Cowsert & Bybee, Hereford, for appellees.

STOKES, Justice.

On September 23, 1948, appellant, who was then Pearl June Knight, filed a suit for divorce against her husband, the appellee, Troy Ray Knight. On October 20, 1948, the appellee, Hereford State Bank, intervened in the divorce suit, alleging that, on June 12, 1948, Troy Ray Knight executed a note payable to the bank in the sum of $4,380, due and payable September 14, 1948, which, it alleged, was in renewal of a prior note. It alleged further that on

October 13, 1948, to secure payment of the note, the appellee Knight executed and delivered to it a chattel mortgage on certain row crops then growing upon a half-section of land belonging to the appellant, his wife, and which was being cultivated by them, and sought judgment on the note and foreclosure of the mortgage. On October 27, 1948, the divorce case between appellant and her husband was tried and a divorce granted to her and her former name, Pearl June Bearden, was restored. The issues made by appellee bank's intervention were continued until January 21, 1949, when, in a trial before the court, without the intervention of a jury, judgment was rendered in favor of the appellee bank against Troy Ray Knight for the sum of $5,033.25 and against the appellant, Pearl June Bearden, for the sum of $740. The judgment provided that, when collected, this amount of $740 should be credited upon the judgment against the appellee, Troy Ray Knight.

Appellant duly excepted to the judgment and has brought the case to this court for review, complaining, first, that the court erred in holding the chattel mortgage executed by her former husband to be a valid lien upon the crops, secondly, that the court erred in holding the crops were subject to the payment of the debt evidenced by the note irrespective of the chattel mortgage and, thirdly, that the court erred in rendering a personal judgment against her for the sum of $740.

The record shows that the half-section of land upon which Troy Ray Knight and the appellant resided, and upon which the crops were grown, was the separate property of the appellant. The crops consisted of 250 acres of maize and 23 acres of hegari and the mortgage was given as additional security for the note and in addition to a prior mortgage on farm machinery that had been executed by appellee Knight on June 12, 1948. On September 23, 1948, a temporary restraining order was issued by the district judge against appellee, Troy Ray Knight, restraining him from in any way encumbering the separate property of the appellant or the community property belonging to them and, on the 28th of September, 1948, upon a proper hearing, the restraining order was extended in the form of a temporary injunction. It was while the temporary injunction was pending and in full force and effect that appellee Knight executed and delivered to the bank the chattel mortgage which is the subject of appellant's first complaint and the record shows that the bank had notice and knew the injunction had been issued. In our opinion the first contention must be sustained. It has long been the settled law in this state that a sale made in violation of an injunction conveys no title to the purchaser, particularly if the purchaser is the one who violated the injunction or has knowledge and notice of it and the rule, of course, applies to a mortgage, which is a species of sale. Ward v. Billups, Sheriff et al., 76 Tex. 466, 13 S.W. 308; Lindley v. Easley, Tex.Civ.App., 59 S.W.2d 927.

The invalidity of the chattel mortgage, however, does not mean that appellant's second contention should be sustained and that the court erred in concluding that the crops grown on her separate land were subject to the payment of debts contracted by her husband during the coverture. On October 27, 1948, while the case was pending, the parties entered into a stipulation under which it was agreed that the crop was then matured and ready for harvest and that it should be harvested and stored with the Kerns Grain Company, the warehouse receipts to be held by appellant's attorney and presented into court when the case was tried upon its merits. The judgment recites that the attorney then had in his hands the sum of $2,071.66 as the net proceeds of the crops, implying that the crops had been sold, and he was directed to pay the appellee bank the amount so held by him and that the same should be credited upon the judgment against the appellee, Troy Ray Knight. Appellant contends this was error because the proceeds of the sale of the crops, even though community property, were of that character which is exempt from debts contracted by the husband during the coverture. Article 4616 provides that the rents from the wife's separate real estate and her personal earnings are exempt from payment of debts contracted by the husband

but we have no statute under which crops grown and produced upon the separate land of the wife by the community efforts are so exempt nor are the proceeds of such crops her personal earnings, even though she personally participated in the labor that produced them. First Nat. Bank of Lewisville v. Davis, Tex.Com.App., 5 S.W.2d 753; Krause v. Kessler, Tex.Civ.App., 112 S.W.2d 342; Simmons v. Sikes, Sheriff et al., Tex.Civ.App., 56 S.W.2d 193; Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799.

In the case of Simmons v. Sikes, supra, it was held that no character of community property is exempt under Article 4616 except that specifically named in the article. It was further said that such of the community property as is not expressly protected by the article mentioned may be, and is, subject to the payment of the community debts contracted by the husband. The holdings in the other cases cited are substantially to the same effect. Appellant contends in this connection that there was no evidence to support the finding of the court that the crops were produced by the joint efforts of appellant and her husband during their marriage. The record shows they were husband and wife when the crops were planted and during all of the growing season. The testimony does not reveal a great deal of work and labor expended upon the crops by the husband, but it does show that he participated to some extent therein. He was seriously ill and in the hospital a considerable portion of the time. It is the universal holding of our courts that the principle which lies at the foundation of our community system is that whatever is acquired by the joint efforts of the husband and wife is their community property. It was said by the Supreme Court in an early case that, if a crop is made by the labor of the wife's slaves on the wife's land, it is community property because the law presumes that the husband's skill or care contributed to its production or that he, in some other way, contributed to the common acquisition and that the law cannot permit inquiries into such matters. De Blane v. Hugh Lynch & Co., 23 Tex. 25. See, also, First Nat. Bank of Plainview v. McWhorter, Tex.Civ.App., 179 S.W. 1147.

Another contention made by appellant in connection with this assignment is that the court erred in granting judgment in favor of the bank against the specific proceeds received from the sale of the crops. As we have stated, the proceeds were in the hands of appellant's attorney and therefore subject to the order of the court. It is true they were placed in his hands because of the effort being made by the bank to foreclose its chattel mortgage and that the chattel mortgage was void, but that would not affect the deposit in court. It was made without condition of any kind and was recognized by all of the parties as being an ordinary deposit in court to abide the decision of the court upon the issues before it. Being community funds and not exempt from the payment of the debt due the bank by the husband, they were liable for the payment of the bank's debt and we find no error in the judgment of the court applying them to its payment. Sweetwater Cotton Oil Co. v. Birge-Forbes & Co., Tex. Civ.App., 160 S.W. 1125; Manhatten Life Ins. Co. v. Stubs, Tex.Com.App., 234 S.W. 1099.

The next, and last, contention presented by the appellant is that the court erred in granting a personal judgment against her for $740. We think this assignment of error must be sustained. The evidence showed that appellant sold three thousand bundles of hegari at the price of eight cents per bundle, aggregating $240 which was not included in the products stored with the Kerns Grain Company nor in the fund deposited in court. It showed further that, after the crops were harvested, she leased, for grazing purposes, the land from which the crops had been gathered and upon which the stubble remained and that she was paid $500 for the lease. These two items made up the amount of $740 for which a personal judgment was rendered against her. She was not personally liable for the debt which her husband owed the bank and the mere fact that she sold some of the community property and appropriated the proceeds of the sale would not make her so.

It is possible the court rendered personal judgment against her upon the theory that she had converted some of the mortgaged property. Since the mortgage was void and of no effect, the judgment against her was not warranted upon that theory even if it could be said she would have been personally liable for converting mortgaged property, a question which is not before us and upon which we are not passing at this time.

The judgment rendered by the court below will be reformed so as to eliminate that portion which granted a personal judgment against the appellant. In all other respects it will be affirmed.