## R. E. Brooks et al. v. Wm. J. O'Connor et al.

No. 5404.   Decided March 4, 1931.
(39 S. W., 2d Series, 22.)

*Morris, Sewell & Morris, R. H. Ward, John T. Vance* and *Rose & Sample,* for appellants.

*J. Y. Linebaugh* and *H. W. Wallace,* for appellees.

MR. COMMISSIONER CRITZ delivered the opinion of the court.

This is a companion case to Cause No. 5440, R. E. Brooks v. Wm. J. O'Connor et al., 120 Texas, 126, 39 S. W. (2d) 14, this day decided by this court. Most of the facts and circumstances disclosed by this record are disclosed and set out by the opinion in Cause No. 5440 above mentioned. We refer to that opinion insofar as the matters and things therein disclosed apply here.

This suit was instituted in the district court of Jackson county, Texas, by Wm. J. O'Connor, executor, et al., against Mrs. Gertrude Booty, individually and as administratrix of the estate of her deceased husband, and also as guardian of the estates of the two minor children of Mrs. Gertrude Booty and E. F. Booty, deceased, and also against the two children. R. E. Brooks, C. W. Boyce, Manuel Zambrano and Saturnina Nanes were also made defendants. The petition is in trespass to try title to recover the title and possession of 213.1 acres of land in Jackson county, Texas, being subdivision No. 1 made of the lands in Valentine Garcia Grant, formerly belonging to J. M. Rosborough, fully described in said petition. On the trial of the case the same facts with reference

to the death of Thos. M. O'Connor and E. F. Booty, and the qualifications of the executor, administrator and guardian, respectively, were shown as in cause No. 5440, supra.

Also the following facts were shown. On August 1st, 1912, C. E. Stark and wife conveyed the 213.1 acres of land here involved to W. J. Upshaw and C. M. Mears. This deed recited a consideration of $925.70 cash and two notes aggregating $6,000, being one note for $1,000 and one for $5,000. Also this deed retained the vendor's lien and superior title in Stark to secure the payment of these notes.

Later, on September 30th, 1912, Upshaw and wife, and Mears and wife, conveyed the above lands to E. F. Booty for a recited consideration of $925.70 cash and the assumption by Booty of the two notes above mentioned. This conveyance retained the vendor's lien and superior title to secure the payment of the notes assumed.

Later, on September 10th, 1917, C. E. Stark assigned the above $5,000 note given by Upshaw and Mears to him and later assumed by Booty to Wm. J. O'Connor, executor. The recited consideration for this conveyance was $5,306.55. This instrument also conveyed the superior title and vendor's lien.

Later, on September 18th, 1917, E. F. Booty and wife executed and delivered to L. W. O'Connor, trustee for Wm. J. O'Connor, executor, a deed of trust to the 213.1 acres of land to secure the payment of a note for $5,500, of even date with the deed of trust. This note was payable to Wm. J. O'Connor, executor, and due September 18th, 1922. It bore interest at seven per cent. This deed of trust and note recites the fact that it is to take up and extend the principal and interest due on the above $5,000 note conveyed to O'Connor by Upshaw and Mears. This instrument also expressly preserves and brings forward the original vendor's lien and superior title.

Later, on January 20th, 1920, E. F. Booty and wife, Gertrude O'Connor, executed and delivered to L. W. O'Connor, trustee for Wm. J. O'Connor, executor, a deed of trust on eight tracts of land in Jackson county, Texas, and one tract of land in Victoria county, Texas, to secure a note for $4,500. The 213.1 acres here involved was one of the nine tracts included in this blanket deed of trust. This deed of trust and note were later transferred and assigned to R. E. Brooks in the manner and under the circumstances shown in our opinion in Cause No. 5440, supra.

It is also shown that no part of the $5,500 note for original purchase money held by O'Connor has been paid, and no interest has been paid thereon since September, 1921.

In this condition of the record this suit was filed by the O'Connors against the above named defendants. The O'Connors rely on the superior title held by them by virtue of their being the holders of the original vendor's lien and superior title.

The defendants, Boyce, Zambrano and Nanes all answered disclaiming any interest in the land, and we are not further concerned with them.

The defendant, Brooks, filed original and amended answers in which to plead the general history of the title and his connection therewith, including the details of his negotiations and transactions with O'Connor, executor, setting up in detail the moneys paid by him to O'Connor, executor, the purpose for which such money was paid and the transactions by which he took over the $4,500 note and blanket deed of trust securing the same. Brooks also pleaded the full history and the entire matter which has been set out in our opinion in Cause No. 5440. Brooks also pleaded the death of E. F. Booty, the administration on his estate and pleaded to the jurisdiction of the district court. Also Brooks pleaded waiver and estoppel on the part of the O'Connors. As we interpret these pleadings they ask for no affirmative relief.

Mrs. Booty answered in her individual capacity, and as administratrix and guardian, and pleaded limitation and also pleaded waiver and estoppel.

When the defendant, Brooks, asked leave to file his amended answer, plaintiffs announced to the court that they desired to dismiss their suit against him. Counsel for Brooks thereupon requested the court to delay action until next morning. All parties agreed to this. The next morning Brooks filed his amended answer and the O'Connors renewed their motion to dismiss said suit against him without prejudice to any of his rights. This motion was granted by the court and Brooks ordered dismissed from the suit.

After the above transaction Brooks filed his plea of intervention. This pleading, omitting formal parts, is as follows:

"Intervenor states and alleges that the only basis upon which plaintiffs are seeking to maintain an action of trespass to try title herein is the rescission of a certain deed of conveyance wherein W. J. Upshaw and wife and C. M. Mears, and wife conveyed to E. F. Booty, Two Hundred Thirteen and one tenth (213.1) acres of land described in plaintiff's petition, by reason of the fact that the purchase money note for the principal sum of Five Thousand ($5000.00) Dollars, and renewals thereof had not been paid, such original note and the renewals thereof having been secured by a Vendor's lien reserved in said deed in favor of the Grantors in said conveyance and by the retention by said Grantors of the superior title to said land securing the payment of the purchase money and which purchase money note was thereafter transferred to plaintiffs as well as the Vendors Lien and superior title securing the payment of said notes.

"Intervenor shows to the court that on January 20th, 1920, E. F. Booty and wife executed and delivered to L. W. O'Connor, trustee, a certain deed of trust covering among other lands, the land described in Plaintiffs Petition, for the purpose of securing the payment of one (1) note for Four Thousand Five Hundred ($4500.00) Dollars, payable to

the order of William J. O'Connor, Managing Executor under the will of Thos. M. O'Connor, deceased, which note, together with the lien securing the payment of same was thereafter transferred unto said R. E. Brooks, who is now the legal owner and holder thereof, together with renewals of said note and lien and which said note and lien is now valid and subsisting claim and lien against the estate of E. F. Booty, deceased. That plaintffs are attempting by said suit to defeat the rights of this intervenor and are rendering his said claims and lien inoperative and unenforceable in attempting to rescind the conveyance of said land whereby said land was sold and conveyed to E. F. Booty.

"This intervenor says that plaintiffs are estopped by their acts and conduct in rescinding said sale as will be fully shown by facts and evidence introduced under defendant's plea of not guilty, and the said R. E. Brooks alleges that in order to protect his interest it is necessary and proper that he should. be permitted to become a party to this suit in order that he may be able to assert and show that the plaintiffs herein have not the right to rescind the aforesaid conveyance and in this connection said Brooks alleges that he is entitled to present and maintain all such defenses as the defendants in said suit, have set up and alleged and this Intervenor here now adopts and makes his own all of the pleadings of said defendants in this case.

"Wherefore said R. E. Brooks prays that he may be permitted to intervene herein and become a party to this suit for the reasons hereinabove set up and which he will be able to assert and prove under said 'Plea of Not Guilty' and he further prays for such other relief, general and special, that he may be able to show himself justly entitled to either in law or in equity."

The O'Connors moved to strike out this plea of intervention for various reasons set out in the opinion of the Court of Civil Appeals. As we interpret this plea of intervention it did not pray for any affirmative relief.

We here refer to and adopt the statement of the case and the pleadings set out in the opinion of the Court of Civil Appeals.

The case was finally tried in the district court with a jury, but at the close of the evidence the plea of intervention was stricken and the intervention dismissed. The trial court then peremptorily instructed a jury for the O'Connors. This verdict was returned as directed and judgment entered for the O'Connors against the Bootys and the Booty estate, divesting them of any right, title or interest in the land in question and vesting the same in the O'Connors. No judgment was entered against Brooks other than to dismiss him from the case. The Bootys and Brooks both appealed to the Court of Civil Appeals at Galveston, which court in all things affirmed the judgment of the district court. 13 S. W. (2d) 220. The case is in the Supreme Court on two applications for writ of

error,—one filed by the Bootys and one by Brooks. Both applications were granted.

Under the above record, we think the Court of Civil Appeals correctly held that the plaintiffs had the right to dismiss their case against Brooks. Under our statutes, article 2182, R. C. S. 1925, the plaintiff has the right to take a non-suit, where a case is tried before a jury at any time before the jury has retired. This right is absolute and cannot be denied. Of course, where the plaintiff dismisses his suit against the defendant, the defendant is not prejudiced as to any claim for affirmative relief. When we come to examine the pleadings of the defendant Brooks, we find that both by his amended answer and his plea in intervention, he pleaded purely defensively and not offensively, and in neither of such pleadings did he ask any affirmative relief. He merely pleaded a defense to the cause that had been dismissed.

Under such a record the trial court committed no error in granting the plaintiff a non-suit against Brooks, and in dismissing his plea of intervention. We have carefully read and considered the opinion of the Court of Civil Appeals with respect to this question, and think their holding and reasoning correct.

The brief of the Bootys in the Court of Civil Appeals contains only a statement of the case, and the assignments and propositions thereunder, upon which the Bootys rely for a reversal. The brief then contains the following:

"As each and all of the propositions presented in this brief have been presented at length in the brief of appellant Brooks, we trust the court, in the interest of economy of labor and time, will permit these appellants, in support of their appeal, to adopt the statement of the nature and result of the case, the propositions, authorities and argument set forth in the brief of appellant Brooks filed herein. There may be no precedent for this, but as the facts controlling this case are the same, both in the appeal of appellant Brooks and these appellants, and the law being the same, we are unable to see, as the decision of this court in regard thereto as to appellant Brooks will necessarily determine this appeal as to these appellants, why this procedure may not be permitted by this court."

As we interpret the brief in the Court of Civil Appeals and their application for the writ in the Supreme Court, the Bootys are making the same contentions for reversal that are made by Brooks. It follows that the overruling of the assignments contained in Brooks' application results in overruling the assignments contained in the Bootys' application.

However, were we to give the Booty brief a more liberal construction and construe it to mean that the facts pleaded as a waiver and estoppel by Brooks as a defense to the cause of action asserted by the O'Connors against him prior to his dismissal from the case also constituted a waiver and estoppel as to the Bootys, still the assignments of the Bootys should

be overruled as Brooks pleaded nothing that would constitute a waiver or estoppel as to the cause of action asserted by the O'Connors against the Bootys. We, therefore, overrule all assignments contained in the application for the writ of error filed by the Bootys.

The result of this opinion is to leave all matters between the O'Connors and Brooks undecided and unprejudiced.

The judgment of the Court of Civil Appeals, which affirms the judgment of the district court, should be affirmed.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. Cureton, Chief Justice.