## HALEY et al. v. BROWN.
### No. 2971.

Court of Civil Appeals of Texas. El Paso.
March 29, 1934.

Rehearing Denied April 18, 1934.

Q. V. Williamson, of Moberly, Mo., for plaintiffs in error.

John Perkins, of Alpine, for defendant in error.

PELPHREY, Chief Justice.

On July 12, 1929, defendant in error instituted suit against plaintiffs in error, and numerous other defendants, in the district court of Brewster county, Tex.; this suit being in trespass to try title and for damages. This suit was numbered 1267 on the docket. On September 6, 1929, plaintiffs in error filed the following answer:

"Now in the above entitled and numbered cause come B. A. Haley and Bud Haley and demur generally to plaintiff's petition and say that the same is insufficient in law to require them to answer and should be dismissed.

"Wherefore defendants pray judgment of the court and that they be dismissed with their costs."

"Now in the above entitled and numbered cause come defendants B. A. Haley and Bud Haley and deny each and every all and singular the allegations in plaintiff's petition alleged and demand strict proof of same.

"Wherefore they put themselves upon the country.

"And for further answer defendants allege that they have an interest in the land mentioned in plaintiff's petition and are entitled to title and possession of said land.

"Wherefore defendants pray that upon final hearing hereof they have judgment for title and possession of that part of the land named in plaintiff's petition to which they are entitled."

On February 17, 1930, the case was dismissed on motion of defendant in error. On the following day there was a motion for a continuance filed by plaintiffs in error. Plaintiffs in error filed their motion to set aside the order of nonsuit entered and to reopen the cause for trial on its merits. Defendant in error, having been served with notice of the filing of said motion, entered his special appearance, demurred generally and specially to the motion, and generally denied the allegations of the motion.

On August 1st following, plaintiffs in error filed their original petition in which they alleged they were defendants in cause No. 1267; that defendant in error had brought that suit against them and others; that they had filed an answer in said suit in which they had prayed for affirmative relief; that defendant in error took a nonsuit; and that they had never had their interest in the lands sued for by defendant in error determined. They then prayed the court to set aside its order of nonsuit and to reopen the cause to be tried on its merits. Defendant in error answered by general demurrer and general denial. Upon motion of plaintiffs in error, the later case was consolidated with No. 1267. The court, upon hearing, refused the motion of plaintiffs in error, and they have appealed.

### Opinion.

The sole question for determination is as to the correctness of the trial court's action in refusing to reopen cause No. 1267 for trial on the merits. Plaintiffs in error contend that the cause should have been reopened because in their answer, quoted above, they claimed affirmative relief.

Article 2182, Rev. St., provides that plaintiff may take a nonsuit at any time before the jury has retired, but he shall not thereby prejudice the rights of an adverse party to be heard on his claims for affirmative relief. Therefore, if the answer of plaintiffs in error was sufficient to invoke some affirmative action of the court in their behalf, then the order of the trial court should be reversed and the case reopened. If any cause of action is alleged by them, it will be found in that portion of their answer reading: "And for further answer defendants allege that they have an interest in the land mentioned in plaintiff's petition and are entitled to title and possession of said land."

In Hoodless et al. v. Joseph Winter et al., 80 Tex. 638, 16 S. W. 427, the Supreme Court had under consideration the same question here presented. In that case some of the defendants had answered by pleas of not guilty, and other defenses appropriate to the action of trespass to try title, and they severally filed answers, each describing a specific portion of the land in controversy and containing, in addition to such description, substantially the following allegations: "Further answering, said defendant says that he has been for a long time, and is now, the legal and equitable owner, seised in fee-simple, of that certain tract of land hereinafter described, and has been for a long time in the quiet and peaceable possession of the same, and is now in the possession thereof; that plaintiffs are claiming and asserting some kind of a pretended and fraudulent title or claim to said land, and by so doing they cast a cloud upon defendant's hitherto good and perfect title; that plaintiff's claim is a cloud on defendant's title as aforesaid, wherefore defendant prays that said title be canceled and declared null and void; and that defendant be quieted in his title and possession of the land aforesaid."

The court, after quoting the statute permitting nonsuits, said:

"The right of a plaintiff to take a nonsuit upon his own cause of action was considered of sufficient importance by the legislature to be given express recognition.

"Owing to unexpected contingencies that may occur during a trial, it is a privilege which it may become necessary for the most careful and diligent litigant to exercise, and it is important that the substance, and not the shadow alone, of the right shall be preserved. * * *

"It is only when the defendant, by a counter-claim, seeks some 'affirmative relief,' that the right of the plaintiff to discontinue the entire cause is forbidden. Obviously the defendant only seeks such affirmative relief when, by his own pleadings, he prays for some specific recovery that cannot be given to him under pleadings that are strictly defensive, and that serve only to compel the plaintiff to prove his own cause of action. The defendant must not only pray for

affirmative relief, but he must state facts showing that he has a cause of action. If the defendant is doing no more than resisting the plaintiff's recovery, the statutes recognize the right of the plaintiff for his own protection, to dismiss the suit."

The court then held that the trial court had erred in refusing to enter judgment discontinuing the cause upon plaintiff's offer to take a nonsuit, on the ground that the pleading of defendants failed to point out any particular deed or to allege any facts showing how it was that any muniment of title held or claimed by plaintiffs was such a cloud upon their title as relief should be given them against.

In Peck v. McKellar, 33 Tex. 234, the court, in holding an answer insufficient as a plea in reconvention, said: "The various pleas and answers all are to the effect that the land belongs to the defendant and not to the plaintiff. Simply stating the causes why the plaintiff does not own the land, and why the defendant does, is no more a plea in reconvention than a plea of not guilty, in an action of trespass to try title."

Among other things, the statute relative to actions of trespass to try title requires that a petition shall contain an allegation as to the interest which the plaintiff claims in the premises, whether it be a fee simple or other estate, that he was in possession of the premises or entitled to such possession, and that defendant afterward unlawfully entered upon and dispossessed him of such premises, stating the date, and withholds from him the possession thereof.

■ When a defendant attempts to set up an affirmative claim in trespass to try title, he is naturally governed by the above provisions, and, unless his answer contains such allegations, it will not be sufficient to prevent a dismissal of plaintiff's suit on his motion for nonsuit.

■ It is clear that the answer of plaintiffs in error was not sufficient to maintain an action to remove cloud from title, Hoodless v. Winter, supra, and it is equally as clear that their answer was not sufficient to entitle them to a judgment in trespass to try title.

We therefore must conclude that the trial court properly refused to reopen suit No. 1267, on the motion of plaintiffs in error, and that the judgment should be affirmed. It is so ordered.