**BAKER et ux. v. ARNETT et al.**

No. 4762.

Court of Civil Appeals of Texas. Amarillo.

May 17, 1937.

Rehearing Denied June 14, 1937.

McWhorter & Howard and Vickers & Campbell, all of Lubbock, for appellants.

Crenshaw & Dupree and Wilson, Randal & Kilpatrick, all of Lubbock, for appellees.

STOKES, Justice.

This suit was filed March 22, 1935, by France Baker and wife, Leo J. Baker, against Sam C. Arnett, individually and as trustee of an alleged trust, and E. P. Ellwood and W. F. Eisenberg, as joint independent executors of the estate of W. L. Ellwood, deceased, and George E. Benson, W. O. Stevens, S. G. Wilson, and Paul Hardwick. Plaintiffs alleged that prior to September 7, 1931, they were the owners of 750 of the 1,000 shares of capital stock of the Citizens National Bank of Lubbock, and that it was contemplated that the national bank examiner would require $75,000 of the notes and obligations owing to the bank to be taken out of the assets and charged off. They alleged that they made a contract with the defendants whereby plaintiffs assigned to Arnett, as trustee for himself and the other defendants, the capital stock of plaintiffs in the bank, for which the defendants were to pay par value, the purchase money to be deposited in the bank in a special account to be used by Arnett in purchasing from the bank such notes as were uncollectible. Plaintiffs also alleged that they executed to Arnett as trustee their note in the sum of $75,000 and secured same by $100,000 worth of notes, land, and other property, and that the purpose of the note was to secure the defendants against any loss or assessments that may be made against the capital stock. It also was alleged that the note of plaintiffs, then in the bank, in the sum of $7,850, was included in the notes that would be so purchased from the bank, and that the notes so purchased, together with the notes and other property placed with Arnett by plaintiffs as collateral to their $75,000 note, would be collected or renewed by Arnett and all moneys collected therefrom, as well as the notes and any renewals thereof not applied to losses, would be held by him for the benefit of plaintiffs and returned to them in the final adjustment to be had between them when the matter was finally closed. They alleged that the $75,000 note was to be payable only in the event the bank should fail, and was for the benefit of the defendants in the proportion of $23,000 to Arnett, $25,000 to Ellwood, $7,500 to Stevens, $5,000 to Benson, $5,000

to Norton Baker, $7,000 to Hardwick, and $2,500 to Wilson. It was also alleged that the capital stock assigned to Arnett was to be divided between the defendants in the same proportion.

Plaintiffs further charged that the purchase price of the capital stock was not deposited in a special account in the bank as provided by the contract, nor was their note of $7,850 paid, but, on the contrary, they alleged that the purchase price of the capital stock was used by Arnett for his and his codefendants' benefit to purchase notes and accounts from the bank, and that the defendants had failed and refused to make an accounting thereof.

Further allegations were to the effect that the consideration for the $75,000 note had failed; that there had been no failure of the bank, and that the defendants had collected some $40,000 of the securities pledged by plaintiffs, for which they had not accounted, and prayed for an accounting and for judgment against the defendants for such an amount as the court may find to be due plaintiffs, and for cancellation of the $75,000 note.

W. O. Stevens, one of the defendants, died on May 22, 1936, and on June 5, 1936, the plaintiffs filed their second amended original petition, complaining of all of the defendants except W. O. Stevens, alleging his death, and making his surviving wife, Lillian Stevens, and two sons, L. D. and Bill Stevens, parties to the suit. They alleged also that they did not know whether W. O. Stevens died testate or intestate, and prayed that, in the event an executor or administrator of his estate should be appointed, such executor or administrator be cited to appear and answer.

On January 27, 1936, prior to the death of W. O. Stevens, an answer was filed in behalf of Arnett, Benson, Stevens, Wilson, and Hardwick, consisting of demurrers, exceptions and general and special denials, and, after Stevens' death, the defendants Arnett, Benson, Wilson, and Hardwick, filed their second amended original answer, containing substantially the same allegations, and setting up what they alleged to be the true facts in connection with the transfer of the capital stock and the execution of the $75,000 note.

The defendants E. P. Ellwood and W. F. Eisenberg, as independent executors of the estate of W. L. Ellwood, deceased, also filed their answer, consisting of demurrers, exceptions, and a general denial.

The cause was set to be tried on June 8, 1936, at which time Ellwood and Eisenberg, executors, filed suggestion of the death of W. O. Stevens, and alleged that, if the cause were postponed to make the heirs or legal representatives of Stevens parties to the suit, material delay in the disposition of the case would result, and alleged that neither Stevens nor his heirs nor the representatives of his estate were necessary parties to the suit, and moved that the cause be dismissed as to Stevens and his estate, and that it proceed to trial as against the other defendants. Plaintiffs thereupon filed a motion to continue the case in order to make the heirs of W. O. Stevens, as well as his executor or administrator, if one should be appointed, parties defendant, and alleged that Stevens died during the term of court at which the case was being called for trial; that he left a will disposing of his property; that before his death he was a necessary and indispensable party, being one of the obligees and beneficiaries in the transaction forming the basis of the suit, and that the defendants were sued jointly and severally for an accounting and for judgment for moneys collected on assets removed from the bank and converted by the defendants.

The defendants Arnett, Benson, Wilson, and Hardwick, filed a motion, praying the court to dismiss the suit, alleging that the Stevens heirs and representatives were not necessary parties to the suit, and the trial court, after hearing the evidence upon the various motions, granted the motion of the defendants Ellwood and Eisenberg to dismiss W. O. Stevens and his surviving wife and children from the case, overruled the plaintiffs' motion for continuance, and called upon the plaintiffs for an announcement of ready for trial. Plaintiffs' counsel announced to the court they would not proceed with the trial of the case against the remaining defendants, and thereupon the defendants' motion to dismiss the cause was granted, and the cause dismissed for want of prosecution, to which the plaintiffs excepted and gave notice of appeal and have perfected their appeal to this court.

The case is presented here upon three assignments of error which complain of the action of the court in overruling plaintiffs' motion for continuance and in separating the cause of action against the

Stevens heirs and representatives from that against the remaining defendants, and in dismissing the case upon the motion, taking the position that the latter were necessary parties and that the case could not proceed without them.

The law is well settled in this state that all parties to a contract, the validity of which is brought into question, or where specific performance is sought, are necessary parties to the suit, and, unless they are all before the court, no final judgment can be entered and the court has no jurisdiction to consider and determine the issues involved. Such was the holding of this court in the case of Christian v. Hood, 19 S.W.(2d) 621, and Dial et al. v. Martin et al., 8 S.W.(2d) 241. These cases are cited by appellant and relied on in this court as being applicable to the instant case. In those cases there was no question of any party to the suit having died after the suit was instituted, hence the rule of law announced in those cases is not applicable here. In this case W. O. Stevens, one of the defendants who had answered the original and first amended original petitions, died before the case was called for trial. There were a number of other defendants and this case is controlled by the provisions of article 2082, R.C.S., which provides: "Where there are two or more plaintiffs or defendants, and one or more of them die, upon suggestion of such death being entered upon the record, the suit shall at the instance of either party proceed in the name of the surviving plaintiffs or against the surviving defendants, as the case may be."

The statute was enacted to provide for just such a contingency as is presented in this case. At common law, every real or personal action abated on the death of either the sole plaintiff or sole defendant before the verdict was rendered, and, where there were two or more plaintiffs, or defendants, the rule was the same where the cause of action did not survive. The rule was different at law and equity and much confusion resulted. It was the rule that in actions ex contractu the death of one of several defendants abated the action as to him and the action could not be revived against his personal representatives. If they desired to enforce the liability, it had to be by a separate action. In actions ex delicto, it was the rule that the death of one of several defendants did not abate the action, but it could be continued against the survivors on the theory that each joint tort-feasor was liable for the consequences of the wrong. Alexander v. Barfield et al. 6 Tex. 400; New Haven & N. Co. v. Hayden et al., 119 Mass. 361; 1 C.J. 153–165; 1 C.J.S., Abatement and Revival, p. 170.

Under the statute quoted above, appellants unquestionably had the right to proceed against the remaining defendants, and, under the plain provisions of the statute, it was the duty of the court to proceed with the trial unless grounds for continuance otherwise sufficient in law were presented. The mere fact of the death of one of the defendants was not, in view of the statute, sufficient to warrant the court in continuing the case as to all of the defendants over the protest of those appearing. When the court so ruled, plaintiffs declined to proceed further, and, in effect, abandoned their suit. There was then nothing left for the court to do except dismiss the case on motion of the defendants, which was done.

We have concluded that the action of the trial court was correct and is supported by an unbroken line of decisions in this state, beginning with the case of Burger v. Young, 78 Tex. 656, 15 S.W. 107.

In the case of Parr et al. v. Chittim, 231 S.W. 1079, 1080, a situation very similar to that presented by the record in this case was discussed by Judge Powell of Section B, Commission of Appeals, in which he quoted from Burger v. Young, supra, as follows: "The refusal of plaintiff's attorney to read his pleadings or to offer any evidence was in effect an abandonment of the prosecution of his cause. It was as much so as an entire failure to appear would have been. In that state of the case the only order that the court could have properly made was one dismissing his cause for want of prosecution as to the defendants who appeared. For the error of the court in rendering judgment upon the merits in favor of such defendants, instead of dismissing the cause as to them for want of prosecution, the judgment is reversed and the cause is remanded."

Plaintiffs had the right to proceed under the ruling of the court and try the case upon the issues made as between plaintiffs and the remaining defendants. They also

had the right to reserve exceptions to the ruling of the court in sustaining the motion of the defendants to dismiss the case. Those rulings could have been made the subject of review in this court upon appeal, and the plaintiffs not having seen fit to take that course, but having declined to present their pleadings or evidence or to proceed in any respect with the trial, they abandoned their cause of action, and, under the authorities above cited, as well as the common rule of reason, they abandoned their cause of action and the trial court had no course left but to enter the order he did and dismiss the case.

We have carefully reviewed all the authorities cited by appellants and considered all of their assignments of error, and, finding no error presented by any of them, the judgment of the trial court will be affirmed, and it is so ordered.