**ZACHARY v. OVERTON et al.**

**No. 11279.**

Court of Civil Appeals of Texas. Galveston.
Nov. 25, 1941.

Rehearing Denied Dec. 18, 1941.

Joe Ed Winfree, of Houston, for appellant.

Kemper, Hicks & Cramer, of Houston, for appellees.

CODY, Justice.

Appellant relies for reversal of the judgment appealed from on two grounds, namely:

1. That the court violated R. S. Article 2168a, as amended by Acts 1941, 47th Legislature, S.B. No. 136, § 1, Vernon's Ann. Civ.St. art. 2168a (which provides among other things for the right of a party to have his cause continued for trial until ten days after the Legislature adjourns, where he has for his counsel a member of the Legislature) by refusing his motion for continuance.

2. That, in any event, it was reversible error for the judgment of the court, dis-

missing appellant's suit, to provide by its terms that the clerk of the court should pay over to appellee Overton certain deposits made into the registry of the court by the Humble Oil and Refining Company, which deposits the Humble Company had been permitted to make as a stakeholder who admitted liability therefor, but was doubtful whether same should be paid to appellant or said appellee Overton.

■ No statement of facts has been filed; but it appears from the record that this suit was instituted by appellant as plaintiff in February, 1940, and that after the suit had been pending for a year, appellee Overton employed new counsel, and said new counsel, on March 3, 1941, at a date before the aforesaid amendment was passed by the Legislature, in accordance with the court rules, had the cause set down for trial on March 18, 1941, and notified appellant's counsel that a trial on that date would be insisted on. The record further shows that on March 18, 1941, appellant filed a motion for continuance, fully supported by the affidavits contemplated by the aforesaid amendment, upon the grounds that he had employed as his counsel a member of the Legislature, etc., and said motion notified the court that appellant had authorized his counsel theretofore representing him (and who presented the motion) to withdraw from the case. The court refused the motion for continuance, but instead of requiring appellant thereupon to proceed to trial, at request of appellant, reset the cause for March 27, 1941. Thereafter, on March 25th, 1941, appellant's counsel, who had been his sole counsel in the cause until the amendment had been passed by the Legislature, filed a motion to be allowed to withdraw from the case, which the court refused, and upon March 27, 1941, when the cause was reached for trial, appellant declined to prosecute same while one of his counsel, a member of the Legislature, who had been employed by him after the cause had been set down for trial, under the court rules applying to trial of cases in the civil district courts of Harris County, as aforesaid, was absent attending the Legislature. The court thereupon rendered the judgment complained of. In the state of the record we are bound by the court's findings of fact in the order overruling the motion for continuance, and every reasonable presumption must be indulged in support of the court's action.

■ The purpose of the amendment was to relieve members of the Legislature from the necessity of absenting themselves from its sessions to attend court either as suitors or as attorneys. According to the facts shown by this record, the case had been set down for trial before the amendment had been enacted, and appellant was burdened with the obligation to try the case on March 18th, at the very time he undertook to employ the Hon. J. E. Winfree, a member of the Legislature, to try the case. If such member of the Legislature was not free to assume the obligation to try the case upon the date it was set for trial at the time employment was offered him, then he was disqualified from employment in the case. To hold, under the facts of this case, that by accepting employment the Legislator thereby invalidated the setting would be to hold that the amendment operated retroactively, and so, was unconstitutional. The court found " * * * the employment of the Honorable J. E. Winfree was for the sole purpose of delay. * * * " The refusal of the motion was not error.

■ The refusal of appellant to prosecute his suit, regularly called for trial, without lawful excuse, authorized if it did not require a judgment of dismissal of his suit. Burger v. Young, 78 Tex. 656, 15 S.W. 107; First Nat'l Bank v. Fox, 121 Tex. 7, 39 S.W.2d 1085; Baker v. Arnett, Tex.Civ.App., 106 S.W.2d 849. Since appellant, without adequate cause, declined to prosecute his suit, the ensuing judgment of dismissal must be visited with the same legal consequences as a voluntary dismissal. A plaintiff by voluntarily dismissing his suit cannot thereby prejudice the right of a defendant to any affirmative relief which he seeks in such suit. Brooks v. O'Connor, 120 Tex. 121, 125, 39 S.W.2d 22. In rendering judgment dismissing appellant's suit it was incumbent on the court to do two things: first, he must refrain from rendering any judgment against the merits of appellant's suit as such, and second, he must safeguard the right of a defendant on which he seeks affirmative relief from prejudice. This, it will be seen, the court's judgment in this case has carefully done.

■ Appellant's suit against appellee Overton involved a claim to the right to a fractional royalty interest in a lease which was being operated by the Humble Oil and Refining Company. In addition to

appellee Overton and the Humble Company, appellant sued certain other defendants not necessary to specify as they disclaim any interest in the property sued for. As a part of its answer the Humble Company, in substance, filed a bill of interpleader, taking the position of a stakeholder, and asking to be allowed to pay the profits issuing from the royalty interest into court, and be relieved from liability therefor to the various parties to the suit which it interpled. The court granted the Humble Company such right on November 4, 1940, and no one has ever complained of such action. It is of course too late on appeal now to do so. 25 Tex.Jur., paragraph 10, p. 10. Pursuant to such order the Humble Company had paid into the registry of the court up to the date of the dismissal, the sum of $696.66. No dismissal of plaintiff's suit could be allowed to prejudice the Humble Company to its right to be relieved of liability to either appellee or appellant for the profits issuing from said royalty interest to the extent of $696.66.

When appellant brought upon himself the dismissal of his suit, it became necessary for the court to order the deposits then in its registry disbursed. It had already been determined that such deposits belonged either to appellant or appellee, but the court was thus forced prematurely before appellant's claim to recover same from appellee had been determined upon a trial of its merits, to order its clerk to make disbursement thereof to either appellee or appellant. Since such disbursement had to be made before appellant's claim thereto had been tried on its merits, the court had no right or authority to adjudicate the question of the right of ownership of the money which had been in the registry of the court, and his order of disbursement does not purport to find that appellant does not own the money so disbursed, or that appellee does. Appellant is as free now to file suit against appellee to recover the royalty interest and the profits issuing therefrom as ever. Should appellant upon a trial of the merits, establish his right to the royalty interest and profits issuing therefrom, his judgment against appellee would be large enough to include the sum of $696.66, which was disbursed to appellee in the judgment of dismissal.

In other words, all that appellant has lost in consequence of the dismissal of his suit is the right to look to the registry of the court for the $696.66, should he recover judgment against appellee. He can still look to the Humble Company for the profits issuing from the royalty interest from and after the judgment of dismissal, but not for those deposited by the Humble Company into court, these he can only look to appellee for. He has nothing to complain of in the judgment because it merely put the parties as nearly as possible in the position they would have occupied had appellant never filed suit. His loss of the right to look to the Humble Company for the profits issuing from the royalty interest to the extent of $696.66, and his failure to have it remain in the registry of the court to abide the judgment of the court on its merits, he has himself alone to thank for.

No error having been shown, the judgment of the trial court will be affirmed, and it is so ordered.