**Sid LANIER, Appellant,**

v.

**Kathryn LANIER, Appellee.**

No. 5335.

Court of Civil Appeals of Texas.

El Paso.

Oct. 7, 1959.

Rehearing Denied Oct. 28, 1958.

T. R. Odell, Lubbock, for appellant.

Counsel for appellee withdrew from case.

LANGDON, Chief Justice.

This is an appeal by appellant, Sid Lanier (defendant below), from a divorce decree entered by the district court of Midland County, granting a divorce and other relief prayed for to appellee, Kathryn Lanier (plaintiff below). In this cause, appellant filed in the trial court a plea of pendency of another suit in this action, which plea was, after a hearing thereon, overruled by the trial court.

Appellant brings four points of error in which he charges that the trial court erred in assuming jurisdiction of the parties and the subject matter of this suit; overruling defendant's plea of another suit pending; setting the case for trial while such other suit was pending; and in rendering a verdict and judgment, because jurisdiction never attached to said court over the subject matter and parties of this cause.

The facts in this case are undisputed, and are set out here in chronological order, since we deem that the order in which these

events occurred must control the disposition of this appeal.

May 20, 1957—Appellee filed a divorce suit in the district court of Haskell County, Texas, seeking a divorce from appellant, custody of minor children, child support, a division of community property, temporary restraining order, temporary injunction, alimony pendente lite, and other relief. On the same date the district court of Haskell County issued a temporary restraining order against appellant, which is not affirmatively shown to have been served on appellant.

Thereafter, appellant filed an original answer to such suit, which did not ask for or seek affirmative relief, the date of filing not being shown by the record.

November 20, 1957—Appellee filed her suit in the district court of Midland County seeking a divorce and substantially the same relief as was sought by her in the suit filed in Haskell County.

December 6, 1957—Appellee's motion to dismiss the Haskell County suit, together with an order for the district judge's signature, was received by the district judge of Haskell County, through the United States mail. The motion for dismissal and for non-suit was signed by appellee.

December 9, 1957—The district judge of Haskell County announced to appellant's counsel and others that he had received appellee's motion to dismiss. Following this announcement of the district judge, appellant, on the same date, filed a supplemental answer in the Haskell County suit, alleging a cross-action for divorce.

December 16, 1957—Appellant filed, in the Midland County law-suit, his plea of pendency of another suit.

February 3, 1958—The district court of Midland County overruled appellant's plea of pendency of another suit and proceeded to trial of the case on its merits.

April 28, 1958—Judgment of divorce was rendered and entered.

We believe the only question involved in this appeal is whether or not appellee was entitled to take a non-suit in the Haskell County case.

Rule 164, Texas Rules of Civil Procedure, provides as follows:

"At any time before the jury has retired, *the plaintiff may take a non-suit,* but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, *such non-suit may be taken at any time before the decision is announced.*" (Emphasis supplied.)

The request for a non-suit was made by appellee and communicated to the court at least three days before appellant's cross-action was filed. It was not until after the court had announced to appellant's counsel that appellee's request to take a non-suit had been received that any attempt was made by this appellant to assert a cross-action in the Haskell County suit.

As was said in W. B. Walker & Sons v. Hernandez, 42 Tex.Civ.App. 543, 92 S.W. 1067, 1068:

"At the time the plaintiff asked the court to permit him to take the nonsuit there was no claim for affirmative relief by the defendants in the case; and therefore no right existed to be heard upon same or could be prejudiced by the taking of the nonsuit. Under these circumstances the statute gave the plaintiff the right to discontinue the entire cause. But does the fact that after the prayer for nonsuit, but before it was granted, the defendants asked permission to amend their pleadings so as to set up a claim for affirmative relief, so change the situation as to deprive the plaintiff of his statutory right to take a nonsuit, so as to discontinue the entire cause? In our opinion it does not. The case must be considered as consisting alone of the pleadings in existence

at the time the plaintiff asks to take the nonsuit, and his right to the same is determined by the fact that at the time he asks to take the nonsuit there is no pleading of the defendant asking affirmative relief."

We have examined the pleadings filed by appellant in the Haskell County law-suit. The only pleadings of defendant at the time plaintiff asked to take her non-suit was defendant's original answer, in which pleading no cross-action is asserted, no affirmative relief is sought, and none is asked for. These pleadings are purely defensive and not offensive.

The plaintiff's right to take a non-suit under these circumstances is absolute and cannot be denied. The right is conferred on the plaintiff by Rule 164, Texas Rules of Civil Procedure, this rule being taken unchanged from Revised Civil Statutes of 1925, Article 2182, Vernon's Ann.Civ.St. art. 2182, and decisions as to such statute govern the interpretation of this rule. Corder v. Corder, Tex.Civ.App., 189 S.W.2d 100 (err. ref.); Brooks v. O'Connor, 120 Tex. 121, 39 S.W.2d 22.

Appellant contends that the holding by the Supreme Court of Texas in the case of Ex parte Lillard, 314 S.W.2d 800 is decisive of the issues involved in this case. We do not agree. In the Lillard case the plaintiff was granted a divorce by a Dallas district court which also awarded to plaintiff custody of her minor child so long as said child was left in a certain home, subject to the further order of the court. Thereafter, plaintiff instituted an action in the same court of Dallas County seeking modification of the divorce decree to abrogate the requirement that the child remain in a certain home and then, without dismissing the Dallas Court proceedings initiated a separate proceeding in the district court of Tarrant County to obtain complete custody of the child. The facts in the Lillard case are quite different from those presented in this appeal.

Having carefully considered each of appellant's points, we are of the opinion that each and all of them should be overruled.

The judgment of the trial court is affirmed.