**Fred H. THUMANN, Appellant,**

v.

**COOPER LAND COMPANY, Appellee.**

No. 4092.

Court of Civil Appeals of Texas.

Eastland.

July 29, 1966.

Rehearing Denied Aug. 26, 1966.

Jack C. Blakley and Dick R. Clark, Houston, for appellant.

Bailey & Blum, Houston, for appellee.

GRISSOM, Chief Justice.

Cooper Land Company sued Fred H. Thumann in trespass to try title. Thumann answered as follows:

"Now comes Defendant, Fred H. Thumann, in the above entitled and numbered cause, and for answer to Plaintiff's Petition, would respectfully show the following:

I.

Defendant is not guilty of the injury complained of in the petition filed by Plaintiff against him.

II.

And for further plea in this behalf, the Defendant says that Plaintiff ought not to have and maintain his action against him, because he says that he, the Defendant, and those whose title he holds, have had peaceable and adverse possession of the lands and tenements claimed in Plaintiff's Petition, cultivating, using and enjoying the same for more than ten

years after Plaintiff's alleged cause of action accrued, and before the commencement of this suit; wherefore he says that, if Plaintiff ever had such right of action, which is not admitted, but denied, the same is barred by the statute of limitation of ten years.

WHEREFORE, premises considered, Defendant prays that Plaintiff take nothing by his suit and that Defendant go hence with his costs without day."

At the close of plaintiff's testimony the defendant filed a motion for a directed verdict, contending that the plaintiff had not proved the common source of title alleged. Plaintiff moved for a non-suit before the court ruled on defendant's said motion. Plaintiff's motion for a non-suit was granted and a docket entry thereof was made. The defendant contended the court should not grant plaintiff's motion for a non-suit because his answer, above quoted, constituted a counterclaim for affirmative relief and that he should be allowed to prove his cause of action "in the affirmative before a jury". The court overruled defendant's motion and rendered judgment granting plaintiff leave to take a non-suit and dismissing his case without prejudice. Thumann has appealed.

The defendant's points are that the court erred in (1) dismissing plaintiff's case without prejudice, because defendant was thereby denied the right to present his suit for affirmative relief, seeking title to said land; (2) the court erred in refusing to permit defendant to proceed with his cause of action "affirmatively claiming title under the ten year statute of limitation"; (3) the court erred in refusing to grant defendant's motion for judgment that "plaintiff take nothing" and because (4) plaintiff failed to prove his case and the court erred in refusing to grant defendant's motion for a directed verdict, because plaintiff failed to prove the common source of title, or to trace his title to the sovereign. The defendant here summarizes his contentions as follows:

"Appellant contends that in a trespass to try title action where the Defendant answers with a plea of not guilty, and alleges that title vests in the Defendant because of the ten year statute of limitation coupled with a prayer that Plaintiff take nothing by his suit, that such an answer is in fact a plea for affirmative relief, precluding the Plaintiff from taking a non-suit so as to prejudice the right of Defendant to be heard on his claim for affirmative relief.

Appellant does not deny the right of Appellee to take a non-suit as to Appellee, but does deny the authority of the trial court to dismiss the cause as to Appellant and to deny Appellant his right to be heard on his cause of action. Appellant has been denied his day in court."

The only question presented is whether the plaintiff, under the circumstances shown, had a right to take a non-suit and have the case dismissed without prejudice. Texas Rules of Civil Procedure, rule 164 provides that when a case is tried by the judge, the plaintiff may take a non-suit any time before the decision is announced, but he shall not thereby prejudice the right of an adverse party to be heard on "his claim for affirmative relief". In this trial to the court, before the judge announced his decision, the plaintiff filed a motion for a non-suit. Therefore, the only thing that could have prevented appellant from taking a non-suit, as a matter of right, would have been for the defendant to have by cross action sought affirmative relief. Smith v. Columbian Carbon Company, 145 Tex. 478, 198 S.W.2d 727; Brooks v. O'Connor, 120 Tex. 121, 39 S.W.2d 22.

The defendant's answer did not contain allegations of a cross action or seek affirmative relief. Therefore, the court did not err in granting plaintiff's motion for a non-suit and dismissing his case without prejudice. In Thomason v. Sherrill, 118 Tex. 44, 10 S.W.2d 687, the plaintiff sued in trespass to try title. The

defendant alleged that plaintiff was indebted to him and that he had a lien on the land sued for by plaintiff to secure payment of his debt. He prayed that plaintiff take nothing. Our Supreme Court said that, although the defendant alleged defensive matters upon which a cross action could have been based, his answer was not a cross action and contained no prayer for affirmative relief. A defendant's prayer that plaintiff take nothing in a trespass to try title suit cannot be construed as a prayer for affirmative relief. In Hoodless v. Winter, 80 Tex. 638, 16 S.W. 427, 428, the Supreme Court of Texas said:

"The defendant must not only pray for affirmative relief, but he must state facts showing that he has a cause of action. If the defendant is doing no more than resisting the plaintiff's recovery, the statutes recognize the right of the plaintiff. for his own protection, to dismiss the suit."

In Haley v. Brown, Tex.Civ.App., 70 S.W. 2d 348, the court discussed some of the cases cited by the appellant. It held that it was only when a defendant by a counterclaim sought affirmative relief that a plaintiff's right to a non-suit was lost. To prevent a plaintiff from taking a non-suit and obtaining dismissal of his case, a defendant must seek some specific recovery that he could not have been awarded under his defensive pleadings and, what is of importance here, the defendant must allege facts showing he has a cause of action. Our Supreme Court so held in Short v. Hepburn, 89 Tex. 622, 35 S.W. 1056.

In this case the defendant's pleading is defensive only. He alleged that plaintiff's cause of action was barred by the ten year statute of limitation. He pleaded not guilty. His pleading contained no prayer that he recover the title. He asked only that the plaintiff recover nothing. He sought no affirmative relief. The court did not err in granting plaintiff's motion and dismissing plaintiff's case without prejudice. The judgment is affirmed.