**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY et al.,**
Appellants,

v.

**SOUTHERN PACIFIC COMPANY,**
Appellee.

No. 15640.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 23, 1970.

Rehearing Denied Oct. 8, 1970.

Brown & Haden, Charles M. Haden, Harry L. Tindall, Houston, for appellants.

Baker, Botts, Shepherd & Coates, Walter E. Workman, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from an order granting a voluntary non-suit. The judgment of the trial court is affirmed.

■ Appellee's point that the appeal should be dismissed for want of jurisdiction is denied. Appellants' motion to vacate the order of dismissal, filed on January 6, 1970, and the supplemental motion to set aside the order, filed January 8, 1970, were in legal effect a motion for new trial, and an amended motion for new trial. The prayer in each instance was that the trial court set aside the order of dismissal and that the case be ordered to trial on the merits. Nalle v. Eaves, 5 S.W.2d 500 (Tex. Comm.App.1928) ; Green v. Green, 288 S. W. 406 (Tex.Com.App.1926) ; Stuart v. City of Houston, 419 S.W.2d 702 (Tex.Civ. App.–Houston 14th Dist. 1967, error ref., n.r.e.). So considered, the appeal has been properly perfected.

Appellee instituted this suit to temporarily enjoin Harris County Houston Ship Channel Navigation District and certain railroads, members of the Port Terminal Railroad Association, from interfering with its reinstallation of a crossing frog at the intersection of Southern Pacific track 313 and the Navigation District's railroad track, and for a permanent injunction prohibiting the defendants from interfering with its use and operation of the crossing frog after its installation.

After a lengthy hearing the trial court granted the temporary injunction by an order, dated December 10, 1969, including these words: " * * * and this injunction is entered upon instructions to all parties that trial on the merits shall proceed without undue delay."

On the same day a motion for preferential setting was filed requesting that the case be set for trial on the merits for the week of January 5, 1970. No appeal was taken from the temporary injunction. Appellee installed the crossing frog. When the case was called for trial, all parties announced ready. Appellants presented certain motions in limine which were sustained. Before the trial proceeded further, appellee announced that it was taking a non-suit. Thereafter the trial court entered its order dismissing the case.

■ Rule 164, Texas Rules of Civil Procedure, grants the plaintiff the right to take a non-suit at any time before the trial court announces his decision in a non-jury case. It also provides that "he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief." The rule is to be liberally construed. Smith v. Columbian Carbon Co., 145 Tex. 478, 198 S.W.2d 727 (1947). The right to take a non-suit is absolute and cannot be denied. Brooks v. O'Connor, 120 Tex. 121, 39 S.W.2d 22 (1931).

Appellants seek to invoke the rule set out in 24 Am.Jur.2d, Dismissal, § 9, reading: "Generally the plaintiff does not have the right to voluntarily terminate his suit if to do so would put the defendant at an unjust disadvantage or to unnecessary expense or inconvenience * * *."

Appellants point out that had the non-suit been refused the burden of proof would have rested on appellee at the trial on the merits, but that, if the dismissal is upheld, appellants must either resort to the perilous route of self-help, or must institute new legal proceedings and await their turn on a lengthy trial docket.

■ The quotation from American Jurisprudence finds no support in Texas cases. The mere fact that a temporary injunction has been issued does not prevent the plaintiff from taking a non-suit. Payne v. Nichols, 176 S.W.2d 961 (Tex. Civ.App.–Galveston 1944, error ref.) ; Magnolia Petroleum Co. v. Blankenship, 70 S.W.2d 258 (Tex.Civ.App.–Austin 1934).

■ The pleadings filed by appellants are defensive. No cross-action or counterclaim was set up, and no form of affirmative relief was requested. The fact that appellants must institute new legal proceedings and await their turn on the trial docket will not justify this court in limiting the right to a non-suit granted to plaintiffs by Rule 164 as interpreted by the Supreme Court of this State. Thomason v. Sherrill, 118 Tex. 44, 10 S.W.2d 687 (1928).

In the absence of a plea for affirmative relief on part of appellants, the trial court did not err in granting appellee's motion for a non-suit and in dismissing the entire case. Thumann v. Cooper Land Company, 405 S.W.2d 791 (Tex.Civ.App.–Eastland 1966).

Affirmed.