**METAL ENTERPRISES, INC.,**
Appellant,

v.

**DON LOVE, INC., et al., Appellees.**

**No. 17097.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 9, 1978.

Rehearing Denied March 9, 1978.

Charles B. Kirklin, Houston, for appellant.

Bracewell & Patterson, Michael A. Pohl, Houston, for appellees.

EVANS, Justice.

Metal Enterprises, Inc., instituted this suit in 1972 against Don Love, individually, Don Love, Inc., and U. S. Plywood-Champion Papers, Inc. Answers were filed on behalf of all defendants, and the defendant Don Love, Inc., also filed a counterclaim.

On May 9, 1977, the plaintiff's suit was dismissed for want of prosecution and on June 1, 1977, the plaintiff's motion for reinstatement was denied. Since the counterclaim filed by Don Love, Inc., was not expressly or by necessary implication disposed of by these orders, that cause remained pending on the court's docket. *Northeast Independent School District v. Aldridge*, 400 S.W.2d 893, 897 (Tex.1966).

Metal Enterprises, Inc. attempted to appeal from the trial court's order of May 9,

1977, but the appeal was dismissed by this court on August 25, 1977, for the reason that the appeal bond had not been timely filed. On July 26, 1977, during the pendency of the matter in this court, Metal Enterprises, Inc. filed in the cause pending in the trial court an answer to the counterclaim of Don Love, Inc., and a pleading which it termed a "counterclaim" in which it asserted against all of the original defendants, including Don Love, Inc., the same claim it had alleged in its original petition.

On September 1, 1977, the trial court entered two orders, one purporting to sustain special exceptions and pleas in bar leveled by Don Love, Inc., against the "counterclaim" of Metal Enterprises, Inc., and the other being a nunc pro tunc order which recites the following:

"Be it remembered that on June 1, 1977 Don Love, Inc. announced in open court before all counsel of record that it was dismissing its counterclaim against Plaintiff Metal Enterprises, Inc. Accordingly, it is

ORDERED, ADJUDGED and DECREED that the counterclaim of Don Love, Inc. was dismissed on June 1, 1977. Order date September 1, 1977."

On June 1, 1977, when Don Love, Inc. announced to the court that it was dismissing its counterclaim against Metal Enterprises, Inc., there was no pleading for affirmative relief on file by any adverse party. Upon such announcement in open court before all counsel of record, Don Love's rights with respect to the dismissal of its counterclaim became fixed, and the court's delay in entering a formal order of dismissal could not serve as a basis for the subsequent assertion of an affirmative claim for relief by Metal Enterprises, Inc. *Lanier v. Lanier*, 328 S.W.2d 237 (Tex.Civ. App.—El Paso 1959, error dism'd). The dismissal became effective at the time Love's motion to dismiss was brought to the attention of the court and of opposing counsel and the later pleading by Metal Enterprises, Inc., did not reinstate the action. *Cape Oil Company v. Williams*, 427 S.W.2d 122, 125 (Tex.Civ.App.—Tyler 1968, no writ). After Love's counterclaim was dismissed, no further issues remained in the suit and the cause was "fully ripe" for final disposition. It was therefore proper for the court to enter the nunc pro tunc order on September 1, 1977, recording the fact that the counterclaim had been dismissed on June 1, 1977. *Williams v. Wyrick*, 151 Tex. 40, 245 S.W.2d 961; McDonald, Texas Civil Practice, Volume 4, § 17.07.2; p. 57.

Metal Enterprises, Inc. has appealed only from the order of the trial court dated September 1, 1977, which purports to sustain Love's special exceptions and pleas in bar, and it has not appealed from the nunc pro tunc order of same date. On September 1, 1977, all claims for affirmative relief had been dismissed, and there was nothing in the case to be litigated other than costs. The appellate courts will not review judgments in cases where no actual controversy exists between the parties other than a determination of costs. *City of West University Place v. Martin*, 132 Tex. 354, 123 S.W.2d 638 (1939). Under such circumstances, the cause, not merely the appeal, will be dismissed as moot. *Freeman v. Burrows*, 141 Tex. 318, 171 S.W.2d 863 (1943).

This disposition of the appeal renders unnecessary this court's consideration of the appellees' motion to have the cause affirmed on certificate and of the appellant's motion for an extension of time in which to file the appellant's brief.

The appellees' motion for an award of damages for a frivolous appeal and to increase the amount of the cost bond is denied.

The cause is dismissed.