ANGLO EXPLORATION CORPORA-
TION et al., Appellants,

v.

John GRAYSHON et al., Appellees.

No. 1768.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 22, 1978.
Rehearing Denied March 15, 1978.

William G. Lowerre, Foreman, Dyess, Prewett, Rosenberg & Henderson, Houston, for appellants.

Royal D. Adams, Frederick R. Zlotucha, Adams & Hunter, A. L. Hernden, San Antonio, Carolos Castillon, Laredo, for appellees.

J. CURTISS BROWN, Chief Justice.

This is a writ of error from a voluntary non-suit.

John Grayshon and Robert W. Hopf (appellees) filed suit against the Anglo Exploration Corporation and others (appellants) in March 1977. The appellants' answer contained a general denial and the usual prayer for the recovery of all costs incurred in conjunction with the suit. The appellants subsequently commenced taking the appellees' depositions. On July 15, 1977, after the commencement of the depositions but before they were filed, the appellees sought

and obtained a voluntary non-suit. The appellants did not receive notice of the non-suit until August 4, 1977.

The appellants assert, in their first point of error, that their lack of timely notice of the appellees' motion for non-suit prevented them from contesting that motion, and that they were prejudiced thereby in that they were precluded from having the appellees' depositions filed in the case. We note, initially, that the appellees' failure to give the appellants timely notice of their motion for non-suit was both extremely discourteous and in violation of Rule 72 of the Texas Rules of Civil Procedure. Under some circumstances, that failure might afford a basis for reversal and reinstatement of the suit. Although we strongly disapprove of the appellees' tactics, we recognize that a plaintiff's right to take a non-suit is nearly absolute. *Brooks v. O'Connor*, 120 Tex. 121, 39 S.W.2d 22 (1931). Even if the appellants had appeared and contested the appellees' motion, the court would have been compelled to dismiss the action. The appellants are not prejudiced by the dismissal in any event; depositions that were taken before the dismissal of the action may still be transcribed and filed in the trial court. Even though the appellees failed to furnish the appellants with timely notice of their motion for voluntary non-suit, the granting of that motion was proper and does not furnish a basis for reversal. *See* Tex.R.Civ.P. 434.

The appellants argue, in their second point of error, that the trial court erred in granting the non-suit because the appellants' right to be heard on their claim for affirmative relief was prejudiced thereby. The appellants contend, in this regard, that their prayer for recovery of the costs incurred in conjunction with the suit constitutes a prayer for affirmative relief. We agree with the appellants that a plaintiff who abandons an action by obtaining a voluntary non-suit is liable for all costs. *J. C. Hadsell & Co., Inc. v. Allstate Insurance Co.*, 516 S.W.2d 211 (Tex.Civ.App.-Texarkana 1974, writ dism'd); *Harris v. Shotwell*, 490 S.W.2d 860 (Tex.Civ.App.-Fort Worth

1973, no writ); *Bridewell v. Clay*, 185 S.W.2d 170 (Tex.Civ.App.-Dallas 1944, writ ref'd). In this case, the trial court should not have granted the non-suit without taxing costs. The appellants' prayer for recovery of such costs is not a claim for affirmative relief, however, as they contend in their second point of error. *See Metal Enterprises, Inc. v. Don Love, Inc.*, 562 S.W.2d 892 (Tex.Civ.App.-Houston [1st Dist.], 1978). Since the appellants failed to show that they were asserting a claim for affirmative relief and that their right to be heard on that claim was prejudiced by the granting of the non-suit, their second point of error is overruled.

The appellants' points of error having been fully considered and overruled, the judgment of the trial court is hereby affirmed.

Affirmed.